## MASTIN *vs.* CULLOM & CO.

[ASSUMPSIT AGAINST SHERIFF TO RECOVER FEES ILLEGALLY EXACTED.]

1. *Construction of statute regulating sheriff's fees.*—Under the Code (§§ 3042, 3047), a sheriff cannot, in any case, be entitled to a fee "for levying *fi. fa.* and making money thereon", and to another fee, under the same execution, ",for levying *fi. fa.* when sale is stayed, after levy, by a restraining order." Where the restraining order stays the sale of only a portion of the property levied on, and leaves the sheriff free to sell the other portion, and to levy upon and sell any other property of the defendant found in his county, he is not entitled to a fee of "one per cent. on the amount of the judgment"; and if, after levy, the sale of a portion of the property is prevented by injunction, he is not entitled to any fee or commission from the complainant in the injunction suit.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by S. Cullom & Co. against Peter B. Mastin, to recover the amount of certain fees which had been illegally exacted by the defendant, as sheriff of Montgomery county. The facts disclosed by the bill of exceptions are as follows: The defendant, as sheriff of said county, had in his hands six executions, issued from the probate court of Autauga, in favor of William R. Bugg and several others, against Raymond Robinson, James Clipper, A. P. Robinson

and B. F. Robinson, and amounting in the aggregate to $14,458 44. On the 2d February, 1855, he levied each one of these executions on the following property : on certain negroes, lands, town lots, mules, and cotton, as the property of Raymond Robinson; on the same lands, as the property of A. P. and B. F. Robinson; on a negro man, named Henderson, as the property of B. F. Robinson; and a negro woman, named Vicey, as the property of A. P. Robinson. The mules and cotton were sold, on the 3d March following, for $1,850 45; the interest of A. P. and B. F. Robinson in the lands, for $1,000; the interest of Raymond Robinson in the lands and town lots, for $30 50; the negro Henderson, for $795; and the woman Vicey, for $700. The negro woman was sold under mortgage; and the proceeds of sale, except $23 48, were applied to the mortgage. The proceeds of the sale of all the other property were applied, *pro rata*, to the several executions; and the defendant charged upon each sum the commissions allowed him by law for making money on executions. The sale of the negroes levied on as the property of Raymond Robinson was enjoined, by a writ of injunction from the chancery court at Wetumpka, at the suit of the plaintiffs, S. Cullom & Co.; but all the other property was sold, and the proceeds applied as above stated. After deducting all these credits, there was still due on said executions, in the aggregate, a balance of $11,043 01; and upon this sum the defendant required the plaintiffs to pay him, and they did pay him, one per cent. commissions, or $110 43.

This was the money which the suit was brought to recover; and upon these facts, the court charged the jury, that the plaintiffs were entitled to a verdict for $110 43, with interest from the time of its payment. The defendant excepted to this charge, and he now assigns it as error.

GOLDTHWAITE & SEMPLE, for the appellant :

The Code (§ 3047) expressly grants the commissions charged in this case, and its language is too clear for construction. To say that, where the judgment was for $10,000, and the property levied on worth only $100, the whole value of the property would be consumed by the commissions, is no answer to this, though it may be true : it only shows that

the compensation, as fixed by law, would be unreasonable in certain cases. If any compensation is to be given in such cases, it must be made to depend on the amount of the judgment, in order that it may be readily ascertainable. All the statutes, in relation to the compensation of officers, are constructed so as to render their fees ascertainable by a simple calculation; and where the sale of the property is restrained, there are no means of ascertaining its value when the fees become due.

.·MARTIN, BALDWIN & SAYRE, *contra:*

'The clause of the Code under which these commissions were charged, is, in principle, the same as the statute in Clay's Digest, page 235, which gave the sheriff half commissions when the sale was stayed by injunction or *supersedeas*, or not sold for want of bidders. The construction insisted on by appellant, if applied to the old statute, would give the sheriff half commissions for levying on a negro and a horse, if the horse only was sold, and the negro not sold for want of bidders; or, if the negro and horse should both die before the sale, he might claim the commissions under the words, "or other cause." Such a construction is unreasonable, and not warranted by the spirit and intent of either statute. The object of the law was, not to pay sheriffs twice for their services, but to compensate them for their trouble. The statute should receive the construction which was placed on the old law.—Oswitchee Co. v. Hope, 5 Ala. 632.

RICE, C. J.—Sections 3042 to 3050, inclusive, compose a chapter of the Code. They relate exclusively to the fees of sheriffs and certain other officers therein named. Section 3042 is in the following words: "Clerks, sheriffs, and other officers hereinafter named, are entitled to receive, for the services hereinafter mentioned, the fees thereto respectively annexed, *and no more*,—to be paid, taxed, and collected in the manner hereinafter directed."

Section 3047 is the one which prescribes the fees of sheriffs. The only portions of it deemed material to the decision of the case at bar, are two sentences which are in the following words: "For levying *fieri facias*, and making money

thereon: for the first hundred dollars, five per cent.; for all sums over one hundred dollars, and not exceeding two hundred dollars, four per cent.; for all sums over two hundred dollars, two and one half per cent.; but no commissions are to be charged on costs. For levying a *fieri facias*, when sale is stayed, after levy, by any restraining order, one per cent. on the amount of the judgment,—to be paid by the person obtaining such order, and to be taxed for his benefit, if successful, against the adverse party, on the determination of the suit."

No construction of these two sentences can be sound, which would, in any contingency, authorize the sheriff to demand and receive, under one of them, a fee *for levying a fieri facias*, and under the other a fee *for levying the same fieri facias* and making the money thereon. The legislature never intended that he should be entitled to demand and receive under the *same execution*, the fees mentioned in both of these sentences. If he is entitled, under a particular execution, to the fee prescribed in one of these sections, he cannot, *under that execution*, be entitled to the fee prescribed in the other. The specific case provided for by one of these sentences, is where he has not only levied a *fieri facias*, but has made the money thereon. The specific case provided for by the other, is where he has levied a *fieri facias*, but has been prevented from making the money thereon, by a restraining order which stays any sale whatever under the *fieri facias* thus levied.

Whenever he is entitled to receive any fee under the latter of these sentences, he is entitled to "one per cent. on the amount of the judgment." He becomes entitled to that, *at the very instant* when sale is stayed, after levy, by a restraining order. Suppose, then, that he levies a *fieri facias* upon several articles of property; that after this levy, sale as to *only one* of these articles is stayed by a restraining order; that he thereupon instantly demands and receives, from the person obtaining such order, "one per cent. on the amount of the judgment"; that he then proceeds to sell under the execution the other articles embraced by his levy; and that such sale yields more than the entire amount of the judgment, interest, costs and fees: is it not clear that, in such case, he would be entitled to the fee prescribed in the sentence first

above quoted from section 3047 of the Code, "for levying *fieri facias* and making money thereon"? We think it is; and the mere fact that he had demanded and received the "one per cent. on the amount of the judgment", when sale was stayed as to the one article of the property levied on, by the restraining order, would not disentitle him to the fee prescribed for levying a *fieri facias* and making money thereon. But we are satisfied that, in the case above supposed, he would not be entitled to demand and receive the one per cent. on the amount of the judgment. We hold, that a sheriff is never entitled to the "one per cent. on the amount of the judgment" prescribed by the sentence last above quoted from section 3047, where the restraining order stays the *sale of only a portion* of the property levied on, and leaves the sheriff free to sell the other portion, and to levy upon and sell any other property of the defendant to be found in his county, under the execution. We further hold, that where, after the execution is levied by him on several articles of property, the sale of *a portion only* of those articles is prevented by *injunction*, he is not entitled to demand or receive from the complainant in the bill, under which the injunction was obtained, any commission or fee under either of the sentences above quoted from section 3047 of the Code.

Although, in what we have above said, we have apparently *conceded* that a *fiat* for an injunction is a "restraining order", within the meaning of section 3047 of the Code, we wish it distinctly understood, that such concession was made because it could not affect the result of this case. We do not decide that a *fiat* for an injunction is a "restraining order", within the meaning of that section; but we remain uncommitted on that point, and uncommitted on the question, whether a restraining order, obtained in a suit or proceeding instituted in, and determinable *by, the court out of which the execution issued*, is not the only kind of restraining order intended or embraced by that section.—See Code, §§ 2407 to 2415, inclusive; Pratt v. Keils, at the present term; Edmondson v. Popkin, 1 Bos. & Pul. 270; and other English cases cited in Fanning v. Dunham, 5 Johns. Ch. R. 122.

The only point made for appellant, in this court, was, that he was entitled, under the sentence of section 3047 last above

quoted, to demand and receive the amount for which he is sued in this action, upon the state of facts shown in the bill of exceptions. Entertaining the views above expressed, we feel bound to decide this point against the appellant; and confining our decision to that point, we affirm the judgment of the court below.