Nov. Term,
1856.
———
WOODRUFF
v.
THE STATE.
Tuesday,
January 27,
1857.

---

## WOODRUFF *v*. THE STATE.

*A.* and *B.* were prosecuted for nuisance. *A.* plead guilty. *B.* went to trial, on plea of not guilty, and was convicted. The Court taxed the costs to *A.* up to the severance. *Held*, that there was no error in this.

Nov. Term,
1856.

ODELL
v.
JENKINS.
Tuesday,
January 27,
1857.

APPEAL from the *La Grange* Court of Common Pleas.

*Per Curiam.*— *Woodruff* and *Farrington* were prosecuted for a nuisance. On the trial, *Woodruff* plead guilty. *Farrington* went to trial on the plea of not guilty, and was convicted. The Court taxed the costs of the cause up to the time of severance against *Woodruff*. He excepted and appeals.

The costs were correctly taxed. Had there been no severance, the conviction of both would have carried the entire costs; and the officer could collect them from either.

Up to the time of severance, the costs of process, witnesses, &c., were essential to enable the State to prosecute. When *Woodruff* plead guilty, the Court must render judgment; for *Farrington* might have continued his case till the next term. The Court could not suspend judgment against *Woodruff* till *Farrington* was tried. By the severance they stood as separate cases. Each conviction carried all the costs up to the severance, and then the separate costs of each.

Perhaps the payment of the costs by one of the parties up to the severance, might, if properly presented, be a discharge of the other.

The judgment is affirmed with costs.

*J. M. Flagg*, for the appellant.

*D. C. Chipman*, for the State.