## DENT & MAGRUDER *vs.* THE STATE.

[MOTION TO RE-TAX COSTS—SOLICITORS' TAX FEE.]

1. *Appeal lies from motion to re-tax costs.*—An appeal will lie from the action of the inferior courts, on motions to retax costs when not discretionary.

2. *Costs; statutes in relation to, penal.*—The statutes allowing costs are penal, and must be construed strictly.

3. *Same; solicitor's tax fee.*—Where the indictment, conviction, and judgment are against two defendants jointly, the solicitor is entitled to but one tax fee. (JUDGE, J., dissenting.)

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS was a motion in the court below to quash an execution and re-tax costs. At the fall term, 1866, of the said court, William R. Magruder and George W. Dent (the appellants) were jointly indicted for selling vinous or spirituous liquors without license, and at the fall term, 1867, they were tried and convicted, and fined fifty dollars, and a judgment rendered against them for this amount, together with the costs. On the 4th November, 1867, the clerk issued an execution on this judgment for the costs, and taxed against the defendants an attorney's tax fee of $75, being two tax fees of $37.50 each. The court overruled the motion to re-tax the costs and quash the execution, and allowed them to remain undisturbed. From this ruling the defendants appealed.

WATTS & TROY, for appellants.
JOHN W. A. SANFORD, Attorney-General, *contra.*

BYRD, J.—1. The action of the inferior courts on motions to re-tax costs, when not discretionary, is reviewable.— *Weisinger v. The State,* 11 Ala. 540; *Porter v. Wiliams,* 22 Ala. 526.

2. Costs are penal, (Code, § 3534,) and statutes allowing them, are construed strictly.—*Lee v. Smyley*, 16 Ala. 773. The Code of 1853 gave a tax fee to the State's attorney, to be "collected from each defendent," on conviction. The Penal Code (§ 792, Revised Code, 4343,) gives a tax fee "for each conviction," to be taxed against the defendant on conviction.

In this case the indictment, conviction and judgment, are against the appellants jointly. On such a judgment, only one tax fee is allowable.—*Cone v. Hooper et al.*, 2 Va. Ca. 223 ; *Rowland v. The State*, 1 Humph. 383 ; *Carroway et al. v. The State*, 5 Humph. 523 ; 19 Mis. (Bennett) 337 ; 21 *ib.* 272 ; 8 Ind. 521. The appellants are jointly liable for each item of cost. No tax fee can be imposed upon them separately. If two tax fees are chargeable, then each would be jointly liable with the other for both.

It results that the judgment of the court below must be reversed, and a judgment will be rendered in this court re-taxing the costs in conformity to the motion of appellants made in the circuit court, and for which execution may issue against them.—2 Stew. 228 ; *Pike v. Bright*, 29 Ala. 332.

JUDGE, J.—I am unable to agree with the majority of the court in the present case, and feel constrained to express my dissent.

The defendants were indicted and convicted under § 3618 of the Revised Code. "*For each conviction*," under that section, the solicitor of the State is entitled to a fee of thirty-seven dollars and fifty cents.—Revised Code, 4343. There were two convictions in the present case, although "the indictment, conviction, and judgment, are against the appellants jointly." There should not have been taxed against each defendant, jointly, *two* tax fees ; but one tax fee should have been taxed against each defendant, and each should have been made liable for but one. The distributive adjective "*each*," as used in the statute, ("*for each conviction*,") authorized, and, in my opinion, required this mode of taxation.

The Code of 1853, § 3996, in prescribing the fees of so-

licitors accruing on the conviction of defendants, used the language "*for each defendant convicted.*" I do not believe the law was, in substance, intended to be changed by the use of the words, in the State Penal Code, "*for each conviction;*" nor do I think it was in fact changed. A solicitor's tax fee "*for each defendant convicted,*" and "*for each conviction,*" must, in criminal prosecutions, necessarily mean the same thing—there being no such thing as a legal partnership in the commission of crime.