# Tillman *v.* Wood.

### *Action by Probate Judge to Recover Fees.*

1. *Fees and costs distinguished, and defined.*—Costs and fees are essentially different. The former are an allowance to a party for the expenses incurred in prosecuting or defending a suit—an incident to the judgment; while the latter are compensation to public officers for services rendered individuals, in the progress of the cause, or (in another aspect), not in the course of litigation.

2. *Compensation for recording conveyance; a fee, recoverable how.*—The compensation of a probate judge for recording a conveyance, is a fee and not costs; and may be recovered from the party for whom service is rendered in an ordinary action for work and labor done and performed.

3. *Same; statutes strictly construed; fees only allowed as prescribed.* —Whether statutes as to fees be as strictly construed as those imposing costs, is not a practical question. But whenever a judge of probate, or any other public officer, demands from an individual a fee for official service, he must point to some clear and definite provision of the statute authorizing the same.

4. *Compensation to probate judge for registering conveyances; what allowed by statute.*—Registering a conveyance in the probate office is an entirety—comprehending the body of the conveyance, the probate, acknowledgment if any, the endorsement of the day received for record, and the certificate of registration—for which service the statute fixes the compensation at twenty cents per hundred words. There is no statute authorizing a charge of a separate and additional fee for the certificate of registration. The above compensation is for the whole act.

[Tillman v. Wood.]

APPEAL from City Court of Selma.

Tried before the Hon. JONATHAN HARALSON.

This suit was originally brought before a justice of the peace by the appellee, probate judge of Dallas county, to recover *fifty cents* of the appellant, for a certificate of a deed, duly recorded by said probate judge, under § 2148 of the Code of 1876. There was no dispute about the facts. The case was taken to the City Court of Selma, where judgment was rendered against appellant for the amount claimed. Said judgment is now assigned as error.

JOHN P. TILLMAN, appellant, *pro se.*

P. G. WOOD, appellee, *pro se.*

BRICKELL, C. J.—The rule of statutory construction is well settled, that statutes giving costs are not to be extended beyond their letter, but strictly construed, for the reason that costs are in the nature of a penalty.—*Thompson v. Farr,* 1 Rich. Law, 4; *Lee v. Singley,* 16 Ala. 773; *Dent v. State,* 42 Ala. 514; Sedg. Stat. & Const. Law, 307. Costs and fees were originally altogether different in their nature. The one is an allowance to a *party* for expenses incurred in prosecuting or defending a suit; the other, a compensation to an *officer* for services rendered in the progress of a cause. Therefore, while an executor or administrator was not personally liable to his adversary for costs, yet, if at his instance, an officer performed services for him, he had a personal demand for his fees.—*Musser v. Good,* 11 Serg. & Rawls, 247. There is in our statute a manifest difference between costs and fees in another respect. Costs are an allowance to a party for the expenses incurred in prosecuting or defending a suit—an incident to the judgment; while fees are compensation to public officers for services rendered individuals not in the course of litigation.

2. The compensation of a probate judge for recording conveyances and for the larger part of the services he is required to render, is strictly a fee, and not costs. The party to whom they are rendered is alone responsible for the compensation, and of him it may be recovered in an ordinary action for work and labor done and performed.

3. Whether statutes prescribing this compensation should be subjected to the strict construction of statutes imposing costs, is not a practical question. In all our statutes defining the services for which a public officer is entitled to compensation, and fixing its rate, there is either an express declaration, or a manifest indication of an intention that they

[Tillman v. Wood.]

shall be, as at common law, were statutes imposing costs, strictly construed. The 6th part of the Code is devoted to the subject of fees and costs, and the first chapter to general rules applicable to all fees and costs. One of these rules, a substantial re-enactment of a territorial statute (Clay's Dig. 239, § 12), is, that "the law of costs must be deemed and held a penal law, and no fee must be taken but in cases expressly authorized by law."—§ 5017. The fees of judges of probate, are specified with very great particularity, and it is declared, "judges of probate may receive the following fees, and no other."—§ 5030. It results that when a judge of probate, or any other public officer, demands from an individual a fee for services rendered, he must point to some clear and definite provision of the statute, which authorized him to make the charge and demand.—*Lee v. Singley, supra ; Dent v. State, supra.*

4. The statute authorizes the registration of deeds of conveyance of real estate, in the office of the judge of probate of the county in which the estate may be situate. The judge must, at the foot or in the margin of the record, specify the day of the month and year of the delivery to him of the conveyance for record; and "must certify on the same when it was received and recorded ; and in what book and page or pages the same is recorded ; and must deliver it to the party entitled thereto, or his order, on the payment of fees of registration ; but the probate judge may refuse to endorse "filed" on any conveyance, or to record the same, until such fees of registration are paid."—Code of 1876, § 4148. The fee for recording wills, inventories, sale-bills, reports, decrees, deeds of conveyance, and all other instruments, and all proceedings required by law to be recorded, and not herein otherwise provided for," is fixed at twenty cents per hundred words. There is also a fee, "for each certificate without the seal of office," of fifty cents.—Code of 1876, § 5030. The appellant delivered to the appellee, as judge of probate of Dallas county, a deed of real estate for registration, which, having been recorded, he demanded of the appellant, not the fee of twenty cents per hundred words for its registration, but an additional fee of fifty cents for the statutory certificate of its registration. The appellant declining to pay the latter fee, this suit was brought for its recovery, before a justice of the peace, and by appeal came to the City Court, which rendered judgment declaring the appellee was entitled to recover. We cannot concur in the judgment of the City Court. It would be a very liberal construction, resting wholly on intendment and implication, not warranted perhaps of any statute, certainly not of one we are commanded

[Tillman v. Wood.]

to construe strictly, which would extend to the certificate of registration, the general words *for each certificate without the seal of office.* The registration of a conveyance is an entirety, comprehending not only the body of the conveyance, but the probate, or certificate of acknowledgment, the statute authorizes, if any are appended or endorsed, the endorsement of the day it was received for record, and the certificate of registration. Without all these, the registration is not complete, and for all the statute intends the compensation of the judge shall be at the rate of twenty cents per hundred words. It is compensation for the whole act and duty of registration, for it is a single act and duty, and its severance into distinct parts, for which distinct and separate fees may be charged, is not in consonance with the words or spirit of the statute. If a separate fee of fifty cents for the certificate of registration may be charged, there can be no reason for withholding a like fee, for the endorsement of the day and year of the delivery of the conveyances for record. Though this endorsement is not in the statute called a certificate, such is its legal effect and operation—it is a writing a public officer is required to make, and of itself legal evidence of a fact. All the effect of registration as notice, attaches from the day of the delivery of the conveyances to the probate judge for registration, of which this endorsement is evidence. *McGregor v. Hall,* 3 St. & Por. 397; *Dubose v. Young,* 10 Ala. 365. Again, there can be no reason for denying the probate judge compensation at the rate of twenty cents per hundred words for recording the certificate, if he is entitled to the fee for making it, and thus double compensation is allowed him. The true construction of the statute is what we have indicated, that the fee for registration is twenty cents per hundred words, embracing all the service the judge is required to render. Conveyances are often of property of but small value, or intended as security for small debts. Or they may be very short, not embracing more than two hundred and fifty words. There would be no just proportion between the charges for registration and the certificate in such cases; and in the former class individuals would be subjected to burthens we cannot suppose it was the legislative intent to impose.

Let the judgment of the City Court be reversed, and the cause remanded.