# The Tennessee & Coosa Rivers R. R. Co. *v.* The East Alabama R'y Co.

## *Motion to Retax Costs.*

1. *Entries on motion docket, not part of record.*—The motion docket not being a part of the records of the court, entries in it are not properly copied into the transcript for this court, unless made part of the record by bill of exceptions or order of the court below.

2. *Costs ; documentary evidence.*—A successful plaintiff is entitled to have taxed, as costs, all evidence necessary to the maintenance of his cause that was introduced, whether matter of record, documentary, or parol, unless he exceeded statutory limits.

3. *Commissions to sheriff; supersedeas of execution after levy.*—Under the statute which allows the sheriff a commission of one per cent. "for levying *fi. fa.* when sale is stayed, after levy, by any restraining order, to be paid by the party obtaining the order, to be taxed for his benefit, if successful, against the adverse party" (Code, § 5032); such commissions can not be taxed against a defendant, who sued out an appeal, and executed a supersedeas bond, after which the judgment having been reversed and the cause remanded, judgment by consent was rendered against him.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. LEROY F. BOX.

This was a motion to retax the costs in the case of the Tennessee and Coosa Rivers Railroad Company v. the East Alabama Railway Company. The plaintiff in that suit recovered judgment, upon which execution was issued and levied by the sheriff upon property of the defendant. From this judgment the defendant appealed after the levy and superseded the execution by bond. The case was reversed on

the appeal, and a judgment was then rendered in the court below by consent of the parties, by whîch, among other things, the defendant was taxed with the costs. In the bill of costs was an item of $212.00, being a commission of one per cent. to the sheriff for levying the said execution.

The motion to retax relates to this item, and was made by the defendant in the court below, appellee in this court. The judgment of the court below granting the motion, is assigned as error.

W. H. DENSON, for appellant.

SEMPLE & SON, contra.

STONE, C. J.—The clerk of the Circuit Court, in making out the transcript for this court, copied into it what purports to be a motion entered on the motion docket, for a retaxation of costs. Motion dockets are not records of the court, and entries in them can not become parts of the transcript in this court, unless made so by a proper order in the court below. When needed on appeals, they are generally brought before us by bill of exceptions.—2 Brick. Dig. 392, § 4. This question, however, appears to be unimportant in this case, as the judgment entry of the Circuit Court and the bill of exceptions sufficiently show the motion made, and the court's ruling upon it.

It is stated in the argument of counsel for the appellee that the motion to retax embraces two items, and that the court sustained the entire motion, and rejected both items from the bill of costs. The items objected to, it would seem, were, first, a charge of thirty dollars, cost of a transcript from the Chancery Court, used in evidence on the trial in the Circuit Court; and second, a commission of one per cent. to the sheriff, amounting to two hundred and twelve dollars, for levying the execution, which was afterwards superseded on the appeal to this court. The record does not bear this interpretation. Its language is : "Defendant moves the court to retax the costs in this case in manner and form as specifically set forth in said motion, by striking out of said costs the item of two hundred and twelve dollars, sheriff's commissions of one per cent. on levy of *fi. fa.* on judgment rendered against defendant September 6, 1884. Upon due consideration, it is ordered by the court that said motion be granted, that said items of cost be stricken out, and that defendant recover judgment against the plaintiff for the costs in this behalf expended, for which let execution issue." The foregoing was the entire ruling. No allusion

[Tennessee & Coosa Rivers R. R. Co. v. East Ala. R'y Co.]

whatever was made to the thirty dollar item, and we are not prepared to say, from anything shown in this record, that the court would not have erred if that item of costs had been rejected. Successful plaintiffs are entitled to have taxed in their favor as costs, all evidence, whether record, documentary, or parol, which is necessary to the maintenance of their cause, unless they transcend statutory limits, or introduce useless testimony.

The remaining question—indeed, the only question raised —depends on the proper interpretation of one of the subdivisions of section 5032 of the Code of 1876, which reads as follows : " For levying *fieri facias* when sale is stayed after levy by any restraining order, one per cent. on the amount of the judgment, to be paid by the party obtaining the order, to be taxed for his benefit if successful, against the adverse party on the termination of the suit."

Our statutes have restricted public officers with great care, in the matter of fees and costs they will be allowed to demand and collect. In § 5017 of the Code it is said : " The law of costs must be deemed and held a penal law, and no fee must be taken except in cases expressly provided by law." And in § 5026 it is said : " Clerks, sheriffs, and other officers hereinafter named are entitled to receive, for the services hereinafter mentioned, the fees thereto respectively annexed, and no more, to be paid, taxed, and collected in the manner hereinafter directed. In *Mastin v. Cullom*, 28 Ala. 670, the statute we are considering was before this court. As was the court's ruling in that case, we do not feel called on in this, to define precisely the scope and purpose of the clause on which the fate of this case must hinge. It is manifest that under the statutory rules of interpretation copied above, the present claim can not be brought within its letter or spirit. If we were to concede that a supersedeas appeal bond operates the stay of execution after levy, which the framers of that statute had in contemplation, the facts shown in this record utterly fail to make a case within its provisions. To come within that statute, the party who, by restraining order, obtains a stay of execution after levy, must himself pay the sheriff one per cent. commissions, as a condition on which the order is granted to him. Making such payment, there is one contingency, declared by the statute, on the happening of which he is entitled to have the sum taxed for his benefit against the adverse party. That contingency, or event, is a successful termination of the suit in his favor. The present case presents none of these conditions. The East Alabama Railway Company did not pay the sheriff one per cent. commissions,

[Worthy, *for use*, &c. v. Guilmartin.]

either as a condition of obtaining a stay, or supersedeas of the execution, or in any other way; and the taxation of costs was not against the adverse party, but against the very party who obtained the stay of execution, or restraining order. The taxation was made against the East Alabama Railway Company, and hence could not be for its benefit. The statute can not be made to cover such a case as this.—*Tillman v. Wood*, 58 Ala. 578.

Affirmed.