# Banks *v.* The State.

*Prosecution for Assault and Battery.*

1.  *Solicitor's fee in Marengo county; two fees not allowed in one prose-
cution for misdemeanor.*—The general statute (Code, § 4868) allowing

solicitors only one fee where the defendant was convicted in the County Court, and, on appeal to the Circuit or City Court, is again convicted on the same charge; and the special statute relating to the prosecution of misdemeanors in the County Court of Marengo county (Sess. Acts 1882–83, p. 647), making the solicitor of the first judicial circuit the prosecuting officer in that County Court, and providing that his fees in such County Court shall be the same as in the Circuit Court for each conviction of a misdemeanor, to be taxed and collected in the same manner as fees of circuit solicitors; but also providing that, in the absence of the circuit solicitor, the County Court judge shall appoint a solicitor, *pro tempore*, to prosecute misdemeanors in that court, and that the person so appointed shall be entitled to, and shall receive the same fees as the circuit solicitor, to be taxed and collected in the same manner;—only one solicitor's fee can be taxed for the entire case, where the defendant was convicted of a misdemeanor in the County Court, and, on appeal to the Circuit Court, was again convicted on the same charge, though he was prosecuted in the County Court by a solicitor, *pro tempore*, appointed under the special statute, and only the conviction in the Circuit Court was obtained by the circuit solicitor.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. WM. E. CLARKE.

EUGENE McCAA, and J. M. MILLER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

THORINGTON, J.—This case presents the single question whether under the general and special statutes governing the trial of misdemeanors in the County Court of Marengo, and appeals therefrom to the Circuit Court, a solicitor's fee may be taxed for the conviction in each court, where there is a conviction in the County Court, followed by an appeal to the Circuit Court, and a conviction in the latter court on such appeal.

Section 4868 of the Criminal Code prescribes the fee to be taxed in favor of solicitors on conviction in criminal cases, and for the offense for which appellant was convicted in the County Court, and again on appeal to the Circuit Court, the fee is fixed at fifteen dollars. In the latter court a fee of fifteen dollars was taxed in favor of the solicitor for defendant's conviction in each court, making two fees of fifteen dollars each for the solicitor in one case. Appellant made a motion in the Circuit Court to retax the costs by striking out one of the said fees taxed in favor of the solicitor, and, his motion being denied by the Circuit Court, he reserved the question by bill of exceptions and brings the case here by appeal.

By a general statute, approved February 23, 1883 (Code, Vol. 96.

§ 4868), circuit solicitors are allowed the same fees for convictions in the County Courts as are allowed by law for like convictions in the Circuit Court, and it is further provided in express terms that solicitors shall receive but one fee in cases where the defendant is convicted in the County Court, and on appeal to the Circuit Court is "again convicted on the same charge." By a special statute relating to Marengo county, likewise approved February 23, 1883, (Sess. Acts 1882-83, p. 647), the solicitor for the first judicial circuit is made the prosecuting officer for the County Court and his fees for convictions made the same, and directed to be taxed and collected in the same manner, as fees of circuit solicitors. In a proviso to the act the County Court judge is required, in the absence of the circuit solicitor, to appoint a solicitor, *pro tempore*, to prosecute misdemeanors in that court, and "the persons so appointed shall be entitled to, and shall receive the same fees as such circuit solicitor is entitled, to be taxed and collected in the same manner."

In this case the conviction in the County Court was obtained by a solicitor *pro tempore*, appointed by the judge by virtue of this statute, and the conviction in the Circuit Court, on the appeal, was obtained by the circuit solicitor.

By the terms of the statute "the law of costs must be deemed and held a penal law, and no fee must be taken but in cases expressly provided by law."—Crim. Code, § 4892. Being penal, statutes allowing them are construed strictly; and, when not discretionary, the action of inferior courts on motions to retax costs is reviewable.—*Dent & Magruder v. State*, 42 Ala. 514. We observe nothing in the special act, above referred to, which changes the law governing solicitor's fees as declared in the general act of February 23, 1883. On the contrary, the special act in terms provides that the solicitor's fee for convictions in the County Court shall "be taxed and collected in the same manner as fees of circuit solicitors." We understand this to mean that the fee is to be taxed for the entire case as it would had the circuit solicitor prosecuted the case in the County Court. The manner of taxing solicitors, fees for the entire case in proceedings of this kind *is to tax but one fee*. The general law settles that, and the special act conforms to the general law in that respect; neither in express terms nor by necessary implication does the latter effect a change in the former on this subject. The fact that the solicitor, *pro tempore*, appointed by virtue of the special act, may in some cases lose the fee taxed to him on conviction in the County Court can not change the terms or construction of the statutes.

[Langston v. The State.]

The Circuit Court erred in overruling the motion of appellant to retax the costs. Its judgment is reversed, and a judgment will be rendered in this court retaxing the costs in conformity to the motion of appellant made in the Circuit Court, and for which execution may issue, as directed by the judgment of conviction in said Circuit Court.

Reversed and rendered.