# Burns v. Tennessee & Coosa Railroad Company.

*Motion by Sheriff to have Supersedeas quashed and to compel Payment of his Fees.*

1. *Effect of appeal and supersedeas bond; motion by sheriff to quash for failure to pay fees.*—When a defendant in judgment, after the levy of an execution issued thereunder on his property, has taken an appeal and given a *supersedeas* bond as provided by statute (Code of 1886, § 3623), the proceedings will not be quashed on motion of the sheriff for failure to pay him a bill of one per cent. on the amount of the judgment, as allowed him when sale after levy is stayed by any restraining order (Code of 1886, § 2687); since the right to appeal from and supersede the judgment is dependent upon the execution of the bond only, and not upon the payment of the sheriff's costs.

2. *Motion by sheriff for summary judgment for costs.*—Under the subdivision of section 3687 of the Code of 1886, which provides for a fee of one per cent. upon the amount of the judgment in favor of the

sheriff for levying an execution, when the sale after levy is stayed by a restraining order, the sheriff can not obtain a summary judgment against the defendant for such fees; since no provision is made for such a proceeding.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an appeal from a judgment rendered in the city court of Gadsden overruling a motion made by the appellant. The facts of the case are sufficiently stated in the opinion.

GEORGE D. MOTLEY, for appellant.

GOODHUE & SIBERT, *contra*.

COLEMAN, J.—On December 1st, 1894, Danforth & Armstrong recovered a judgment in the city court of Gadsden against the Tennessee & Coosa Railroad Company, the appellee in this case. An execution issued upon this judgment, which was placed in the hands of A. W. Burns, the appellant, who was sheriff, and by him levied, on the 19th day of April, 1895, upon certain property as the property of the defendant. The defendant took an appeal to this court, and on the 27th day of April, 1895, executed an appeal and supersedeas bond under section 3623 of the Code of 1886. The said Burns was duly notified by the clerk of the court, of the execution of the supersedeas bond, and that an appeal had been granted.

The sheriff, the appellant, then filed the present motion, praying the court to quash the supersedeas, or to cause the defendant, the Tennessee & Coosa Railroad Company, to pay one per cent. of said judgment to said sheriff as fees, upon the grounds thereinafter stated. The sole foundation of the motion is contained in a subdivision of section 3687 of the Code of 1886. This section specifies the fees to be allowed to the sheriff, and the sub-division referred to, reads as follows : ''Levying execution when sale is stayed after levy by any restraining order, one per cent. on the amount of judgment, to be paid by the party obtaining the order, to be taxed for his benefit, if successful, against the adverse party on the termination of the suit.'' This is the sole foundation for this extraordinary motion. Conceding for the argu-

ment, that the execution of a supersedeas bond, is a restraining order, staying the execution of the levy after made, within the meaning of the provision, the right to appeal and supersede the judgment, is in no way dependent upon the payment of the sheriff's cost as a condition. The statute, section 3623 of the Code of 1886, provides for the stay or suspension upon the execution of a proper bond, and this is the only condition required. The motion by movant as sheriff to quash the supersedeas is without the semblance of merit or right; and the same can be said of the motion to the court to require the defendant to pay the sheriff the one per cent. allowed him under the statute for making the levy. There is no statutory provision for a summary judgment by a proceeding of this kind for the collection of sheriff's fees. The law provides for the enforcement of claims due the sheriff as costs, and there is no special, separate provision by which the collection of those arising under the subdivision we have quoted than other fees. It is unnecessary to construe the section or undertake to define what are "restraining orders" within its meaning. Certainly the question is not raised by the present proceeding. The motion was properly denied.

Affirmed.