140 So. 745

## COOKE et al. v. WILBANKS.

### 7 Div. 112.

Supreme Court of Alabama.

March 31, 1932.

See, also, 223 Ala. 312, 135 So. 435.

M. M. Smith and W. T. Starnes, both of Pell City, and Victor H. Smith, of Birmingham, for appellant.

Frank B. Embry, of Pell City, for appellees.

BOULDIN, J.

Execution upon a decree for the payment of money was issued and levied by the sheriff upon lands. Pending such levy, defendant prosecuted an appeal from the decree, and executed the proper supersedeas bond; whereupon the execution was returned indorsed "Returned by order of Register." The cause was affirmed on appeal. The register,

480

in taxing costs, included an item equal to one-half the commission allowed the sheriff for collecting money on execution. Defendant moved to retax this item, and prosecutes this appeal from the order denying such motion.

"The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law." Section 7255, Code; Copeland v. Jefferson County, 192 Ala. 12, 68 So. 285.

Among the items to which sheriffs are expressly entitled by law is this: "Levying execution when sale is stayed after levy by a restraining order, one-half the commission for selling under execution, to be paid by the party obtaining the order, to be taxed for his benefit, if successful, against the adverse party on the termination of the suit." Section 7287, Code.

This provision comes down from the Code of 1852, § 3047. The only substantial change is from "one per cent" to "one-half the commission for selling under execution."

This statute has been three times considered by this court.

In Mastin v. Cullom & Co., 28 Ala. 670, the sale under execution was restrained by injunction as to part of the property levied upon.

The court left undecided whether an injunction is a restraining order within the meaning of this statute, whether it is limited to restraining orders in the same suit, such as a supersedeas pending application for rehearing under the four-month statute, now Code, § 9523. It was held that, when such commission is allowed, the sheriff is entitled to have it paid by the party obtaining the restraining order at the very time the execution is stayed. The decision declared that in no event could it apply where the sale was only partially restrained by injunction.

In Tennessee & Coosa Rivers R. R. Co. v. East Alabama Ry. Co., 81 Ala. 94, 96, 1 So. 214, the execution was stayed by supersedeas bond on appeal as here. The judgment was reversed and the cause remanded. Later judgment was entered for plaintiff by consent and defendant taxed with the costs. An item of commissions, based on the above statute, was taxed by the clerk, and the case came to this court from an order on motion to retax.

Not feeling called upon to define precisely the scope and effect of this statute, but conceding, for argument, that the framers had in mind the stay of execution by supersedeas on appeal, the court said: "To come within that statute, the party who, by restraining order, obtains a stay of execution after levy, must himself pay the sheriff one per cent. commissions, as a condition on which the order is granted to him. Making such payment, there is one contingency, declared by the statute, on the happening of which he is entitled to have the sum taxed for his benefit against the adverse party. That contingency, or event, is a successful termination of the suit in his favor."

It was therefore declared that it could not be taxed as costs against the party obtaining the writ of supersedeas, whether such party was due to pay it on obtaining the supersedeas or not.

The decision just reviewed probably led to the proceeding in the later case of Burns v. Tennessee & Coosa Railroad Co., 112 Ala. 498, 20 So. 501.

In this later case, execution was levied, and sale stayed by a supersedeas bond on appeal, without prepayment of this item of commissions. Thereupon the sheriff made a motion to quash the supersedeas; or, in the alternative, for an order requiring the party obtaining same to pay this item of commissions.

Again the court declined to say whether a supersedeas upon appeal is a "restraining order" within the statute; but further declared: "* * * The right to appeal and supersede the judgment is in no way dependent upon the payment of the sheriff's cost as a condition. The statute (section 3623 of the Code of 1886), provides for the stay or suspension upon the execution of a proper bond, and this is the only condition required." 112 Ala. 500, 20 So. 501, 502.

The court further declared no motion would lie in such case to require the party obtaining the stay to pay this commission.

The necessary result of the two decisions last reviewed is to foreclose any right of the sheriff to this commission. Since their rendition, the statute has been several times recodified. That no such commission is allowed upon stay of execution sale by a supersedeas bond on appeal must be now accepted as the fixed construction of this statute.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.