## LEE, SILLS et al. vs. SMYLEY.

1. But one tax fee can be allowed in a chancery suit, however numerous the parties, or distinct their interests.

Appeal from the Chancery Court of Lowndes. Tried before the Hon. Jos. W. Lesesne, chancellor.

THE defendant in error filed a bill against the plaintiffs in error, and, after two of them had separately answered, dismissed it. The register in the bill of costs taxed the defendant in error with two solicitor's fees, and the defendant thereupon moved the chancellor for a re-taxation of the costs. The chancellor granted the motion, and ordered the register to tax the defendant with but one fee. From this order the plaintiffs in error appealed and now assign it as error.

G. W. STONE, for plaintiffs in error:—It is contended that each defendant who puts in a separate answer, if he be successful, comes within the plain meaning of the statute, and his solicitor is entitled to a tax fee. The object of the tax fee must have been to take a part of the expense of litigation from the successful (or *innocent*) party, and place it to the account of the party in fault. This being the case, each defendant, unjustly brought into court, comes under the beneficial operation of the statute, and should have his tax fee.

Boling, for defendant in error:—The Legislature contemplated only one tax fee for each cause, and not one for each answer. (See Clay's Dig. 236—Fees to counsellors and attorneys at law.) If each defendant is entitled to a tax fee, the complainant is entitled to as many tax fees as there are defenants.

CHILTON, J.—The statute declares that the law of costs shall be deemed and held as penal, and no fees shall be taken but in cases expressly provided for by law.—Digest, 239, §12. This is a sufficient indication of the Legislative intention, that the several statutes confering fees and allowing them to be taxed in the bill of costs must be strictly construed.

The act of 1812 allows to counsellors and attorneys at law, for prosecuting or defending a suit in chancery, the sum of fifteen dollars, which, by the act of 1815, is to be recovered by the party prevailing in the suit, against the party cast.—Clay's Dig. 236-7. The statute no where speaks of two or more tax fees being recovered in the same suit, however numerous the parties, or however distinct their interests may be. We do not feel authorised to extend the operation of this statute, by giving it the equitable and liberal construction contended for, but on the contrary, must construe it strictly, and thus construed, we feel no hesitation in saying that but one tax fee can be allowed in each suit to be paid by the unsuccessful party, where defence has been made by him or them.—Clay's Dig. 334. Let the decree of the chancellor, disallowing more than one tax fee in the same suit, be affirmed.