## BROWN ET AL. *vs.* THE STATE.

[MOTION TO RE-TAX COSTS ALLOWING SOLICITOR'S FEE AGAINST EACH OF SEVERAL DEFENDANTS.]

1. *Solicitor's fee, how taxed when several defendants found guilty.*—On the conviction of several defendants on an indictment for disturbing religious worship, but one solicitor's fee can be taxed against all the defendants found guilty, as a part of the costs.—Rev. Code, § 4343.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. MCCALEB WILEY.

The facts appear in the opinion.

W. C. OATES, for appellant.
ATTORNEY-GENERAL, *contra.*

(No briefs came to the Reporter's hands.)

PETERS, J.—This is a motion to retax the costs in a criminal prosecution by indictment for disturbing religious worship, so as to allow but one solicitor's fee against several defendants, instead of a solicitor's fee against each of

several defendants. The record shows that several persons were indicted in the court below for disturbing religious worship, under section 3612 of the Revised Code. There is but one count in the indictment, and the defendants for plea " severally say they are not guilty." On this plea the parties went to trial by a jury. And the verdict of the jury is, that they " find the defendants guilty, and assess a fine of twenty dollars each." And thereupon each of the defendants came into open court and " confessed judgment for the fine and costs against them." And on settling the bill of costs in the court below, the clerk taxed a solicitor's fee of $37.50 against each of the defendants who had confessed judgment for the fine and costs as above said. The defendants made their motion, in the court below, to have said costs re-taxed, so as to allow but one solicitor's tax fee against all of the defendants against whom judgments were rendered, instead of a tax fee against each of said defendants. This motion the court refused, and the defendants excepted and appealed to this court.

And the sole question made in this court is, whether, upon a conviction on an indictment for disturbing worship, where several persons are charged, the solicitor is entitled to a tax fee against each one of the defendants, or to one tax fee against all? The answer to this inquiry depends on the construction of the law of the Revised Code which gives a right to a solicitor's fee in such a case as this. That portion of this law necessary to be considered here, is in these words : " Solicitors are entitled to the following fees, to be taxed as costs against the defendant *on conviction;* and if he is insolvent, to be paid out of the fines and forfeitures in the county treasury"—that is to say, * * * " For *each conviction* under sections 3598 (5₁), 3599 (58), 3612 (71), 3617 (75), 3618 (76), 3619), 3730 (183), or 3731 (184)..$37.50."—Rev. Code, § 4343. Section 3612 of the Revised Code contains the statute forbidding the disturbance of religious worship, under which the defendants in said motion were found guilty. The language of the Revised Code is different from that of the Code allowing so-

licitor's fees. The law of the Code is, "Solicitors are entitled to the following fees, to be taxed as costs and collected from *each defendant.*" . . . "From *each defendant convicted* under sections," &c.—Code, § 3996. The language of the Code is perfectly clear. There can be no doubt about it. "Each defendant" is liable to pay a solicitor's tax fee on conviction. But the Revised Code rests the liability on "each conviction." A conviction may be of one, or many defendants. The number of the persons charged and found guilty does not give plurality to the conviction. And where the conviction is single, there can be but one solicitor's fee allowed. This is the language of the law. About this there can be no rational doubt. A conviction means to put the matter beyond controversy, just as the verdict of a jury is supposed to do. This is done when the jury declare their verdict. If the parties are found guilty they are convicted, and this is a conviction.—Riddle's Lat. Dict. p. 337, word *Convinco ;* Bla. Com. p. marg. 362, 363. In such a case, the conviction is equivalent to the verdict. It precedes the judgment or sentence, and must be regarded as a unit, however numerous the defendants may be.—1 Bouv. Law Dict. p. 362, word *Conviction ;* 1 Cain's R. 72 ; 34 Maine, 594 ; 16 Ark. 601. This construction is also in conformity with the previous decision of this court.—*Dent v. The State,* 42 Ala. 514. Here there is but one prosecution, one indictment, one charge in this indictment, one plea in answer to it, one jury to try this plea, one verdict and one bill of costs. If we consider this verdict as the conviction, as I think we must, upon authority of the cases above cited, then there is also but one conviction. The judgment of the court is not properly a conviction, but it is the sentence of the law giving effect to the conviction ; because there may be conviction and the judgment may be arrested. This could not be, if the conviction and the judgment were the same.—1 Din. Cr. Cases, 568 ; 14 Pick. 88 ; 8 Wend. 204 ; 3 Park. Crim. 567. The conviction or verdict may be a single act, and consequently a unit, while the judgment may be several, as in this case. Beside, this is a statute not to be expounded

by construction. It must be strictly construed; that is, confined to its narrowest limits.—Rev. Code, § 3534. Here the allowance of one solicitor's tax fee lies within the direct expressions of the statute, and a strict construction requires that it shall be kept within this limit.—Leiber Leg. and Pol. Herm. 20; 20 Wend. 561; 1 Whea. 326.

The ruling of the court below is therefore set aside and annulled, and the cause is remanded, with instructions to re-tax the costs in the case named in said motion so as to allow but one solicitor's fee against all the defendant's found guilty in the court below, and no more, in conformity with this opinion.