# Greene County *v.* Hale County.

*Action to recover Compensation of Jurors trying a Case on Change of Venue.*

1. *Costs; liability of State or county for.*—Neither the State nor the several counties thereof, are liable for costs incurred in the prosecution of offenders against the laws, except to the extent, and in the manner, provided by statute.

2. *Code of 1876, section 4917 construed.*—Under the provisions of the Code (? 4917) when a prosecution begun in one county, is transferred by change of venue to another county, "all fines and forfeitures go to the county in which the indictment was found, and judgment must be rendered accordingly; and the fees of all jurors and witnesses, on being properly certified by the clerk of the court to which the trial is removed, are a charge on the county in which the indictment was found, in like manner as if the trial had not been removed."

3. *Same.*—Under this section, fees of persons summoned as special jurors, for the trial of an indictment which has been transferred on a change of venue, when properly certified, are payable by the county in which the indictment was found, and not by the county to whose courts the trial was transferred; and if the latter county pays them, it is a voluntary payment, which will not constitute it a creditor of the county in which the indictment was found.

APPEAL from Greene Circuit Court.

Tried before Hon. L. R. SMITH.

The opinion states the facts. The main error relied on was the action of the court below in overruling a demurrer to the complaint, on the ground that it disclosed no substantial cause of action.

THOMAS W. COLEMAN, for appellant.—The declaration shows on its face that Hale county, the plaintiff, could not own the character of claims sued on. The debt is due directly to the jurors summoned.—Revised Code, §§ 4345, 4212. Again, these claims were paid and absolutely extinguished by the treasurer of Hale county. He had no authority to do it, and the county can not ratify an unauthorized act, and thereby acquire a right of action by implication against Greene county. An implied contract will never be found, where an express contract could not be made. If the treasurer of Hale county paid the money in ignorance of the law, while he knew the facts, it can not be recovered back.—21 Ala. 750; 2 Brick. Dig. p. 326, § 45.

[Greene County v. Hale County.]

W. P. and JAS. E. WEBB, *contra.*—The law clearly imposed on Hale county the duty of paying persons summoned to serve as jurors in its court, no matter whether summoned to try cases brought there by change of venue, or commenced in the courts of that county. Section 4212 of the Code of 1876, which declares that jurors' fees are a charge upon the county where the prosecution originated, did not alter or change the law. That section was merely declaratory of the common law applicable to such subjects. Sedg. Stat. and Const. Law, 37; Dwarris on Stat. vol. 2, p. 473. The question was determined under the common law, uninfluenced by statute, in 2d Murphy (N. C.) 244. In that case it was ruled that the county where the prosecution originated was entitled to the fine, and liable to the costs of prosecution, in a case where a change of venue was had. The same doctrine is asserted by the Supreme Courts of Pennsylvania, Indiana and Maryland, whose county organizations are substantially identical with ours, and whose statutes on the subject are not materially variant from those of this State.—See 29 Penn. St. 38; 1 Smith (Ind.) 133; 30 Md. 432; 4 Kansas, 312.

MANNING, J.—The State is not chargeable with costs created in the prosecution of a person indicted for a violation of law, whether the defendant be convicted or acquitted, unless it has consented or provided by statute that they may be charged against it. Nor are the counties respectively liable for the costs in State cases arising or tried therein, except to the extent and in the manner declared and enacted by the legislature. Hence, it is to the written law we must look, to ascertain what liability, if any, there is in the present case on the part of Greene county to Hale county. The latter sued for the amount of jurors' certificates paid by it, to persons summoned term after term from 1872 to 1875, to serve on juries for the trial therein of one Bob Murray, for murder alleged to have been committed by him in Greene county, from which the cause was transferred by a change of venue to Hale.

By section 5049 (4345) of the Code of 1876—fees are allowed to persons summoned to serve as jurors; and the clerk is authorized to deliver to each of them a certificate for the sum he is entitled to; which (it is declared) shall be "receivable in payment of any county dues, and payable out of the county funds." By sections 4459 and 4460, fees to witnesses for the State are also in certain contingencies,

allowed against the public. And they must be certified in like manner and paid "out of any fines and forfeitures in the county treasury." Such is the general law on these subjects, relating to State cases; nearly all of which, of course, have their origin in the counties in which they are tried.

But sometimes a prosecution begun in one county is transferred, by change of venue, to another. And it is enacted that "all fines and forfeitures in such cases, go to the county in which the indictment was found, and judgment must be rendered accordingly; and the fees of all jurors and witnesses, on being properly certified by the clerk of the court to which the trial is removed, are a charge on the county in which the indictment was found in like manner as if the trial had not been removed."—§ 4917 (4212).

We can not doubt that in the cases in which a change of *venue* is obtained, the fees here referred to must be paid by the county in which the indictment was preferred, "in like manner as if the trial had not been removed,"—that is, upon the presentation of the certificates by the respective holders of them, to the officer of that county whose duty it is to pay them, and out of the funds designated by law. The statutes in fact, make these certificates, or the costs of which they are the evidence, chargeable in all cases, upon the counties in which the prosecutions are instituted, and upon no other.

There may be as argued, difficulty sometimes in carrying these laws into effect according to this construction. And it may be inconvenient to jurors residing in Hale county to have to go or send to Greene county for their fees. The opposite construction would not make it less so, to another class of certificate-holders. The statute last cited relates to the fees of witnesses as well as jurors. And the witnesses in this cause, resided, presumably, in Greene county, where the homicide was committed. And if the jurors must look to Hale county for payment, so must the witnesses, who live in Greene county, go or send to Hale county, for their fees. It is probable these statutes need revision and amendment. But we can not give to them the operation contended for without judicial legislation.

The fees here sued for, were due, not from Hale county to the holders of the certificates, but from Greene county; and by its treasurer, if duly presented to him from time to time, as issued, they should have been paid. Hale county could not, by voluntarily paying them, make itself the creditor of Greene county, for the money paid without its request.

[Bain v. The State.]

The judgment of the Circuit Court must be reversed, and the cause be remanded.