# Trapp, President, &c.   *v.* State *ex rel.* Burgin, Sheriff.

### *Application for Mandamus.*

1. *Sheriff; has right to execute warrant of arrest issued by justice of the peace; fees therefor.*—Section 3741 of the Code of 1896, which authorizes sheriffs to execute all mesne and final processes which are required of constables, and provides that he shall receive the same fees therefor, has no reference to the execution of warrants of arrest issued by a justice of the peace; since prior to the enactment of said section, the sheriff had full authority to execute said warants (Cr. Code of 1896, § 5209), and for such service is entitled, under the statute, (Cr. Code of 1896, § 4565) to a fee of two dollars.

2. *Costs; payment out of convict fund.*—The act of February 18, 1897, (note to § 4511, Cr. Code of 1896), which provides for the payment of costs out of the convict fund in cases where the defendant is convicted and sentenced to the penitentiary, being a later enactment, alters tne law as it existed under section 4570 of the Code, and renders such section inapplicable to cases where the defendants are convicted and sentenced to the penitentiary, in so far as that section required the issuance of an execution against the convict and a return thereon of "No property," as a condition precedent to the payment of costs by the State; the peremptory direction of section 3 of said later act being that the proceedings for the collection of cost in such case shall be had "presently after conviction," and allowing no time for the exhaustion of an execution, which, under section 4559 of the Code, could not have been re-

turned within thirty days after its delivery to the sheriff.

3. *Same; same; mandamus to president of board of inspectors of convicts.*—Where a defendant has been convicted and sentenced to the penitentiary and the convict has been delivered to the penitentiary officials, it is no objection to a bill of costs which is properly rendered in such case under the statute (Acts of 1896-97, p. 1532; note to § 4511, Cr. Code of 1896), that it contains as one of its items the sheriff's fee of two dollars for executing the warrant of arrest issued by a justice of the peace, or that the convict was not shown to have been insolvent by the execution for said costs against him being returned "No property found," (Cr. Code of 1896, § § 4570, 4559); and, upon the president of the board of inspectors of convicts basing his refusal to request the Auditor to draw his warrant upon the State Treasurer, for the payment of said bill of costs out of the convict fund, upon such grounds, the other items in said bill of costs being legitimate under the statute, *mandamus* will be awarded to compel him thereto.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The State on the relation of W. M. Burgin, clerk of the Criminal Court of Jefferson County, filed his petition addressed to the Judge of the City Court of Montgomery, in which he alleged that in the Criminal Court of Jefferson County, one Collins was indicted and tried for murder, was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for a term of ten years, and that at the time of the filing of said petition, he was serving out said sentence in the penitentiary. The petition then averred that presently, after such conviction and sentence, the relator made out a bill of costs in said cause, containing no item not enumerated in section 1 of the act approved February 18, 1897, and that said bill of costs duly verified by affidavit as required by section 3 of said act, was sent to S. B. Trapp, as President of the Board of Inspectors of Convicts, but that after the examination of said bill of costs, the said Trapp, as President of the Board of Inspectors of Convicts, refused to request the Auditor in writing to draw his warrant upon the Treasurer for the payment of said bill of costs, on the ground, as alleged by said Trapp, that the bill contained an item of two dollars,

as sheriff's fee for executing a warrant of arrest issued by a justice of the peace as committing magistrate. It is alleged that the facts in reference to the warrant of arrest were that the warrant of arrest charging said Collins with murder was duly issued by a justice of the peace of Jefferson county and by him placed in the hands of the sheriff of said county, and was by said sheriff duly executed by arresting said Collins and carrying him before said magistrate before whom he was committed to jail to await the grand jury, and was thereafter duly tried and convicted as above set forth.

It was then averred in said petition that said Trapp, as President of the Board of Inspectors of Convicts, based his refusal upon the further and additional ground that said Collins was not shown to have been insolvent by the return of execution for said costs against him of "No property found."

The prayer of the petition was for the issuance of a writ of *mandamus* to compel said Trapp to request the Auditor in writing, to draw his warrant on the State Treasurer in favor of the relator for the payment of said bill of costs.

The answer of the respondent filed by the Attorney-General was as follows: "The respondent for answer to the petition in the above entitled cause admits the truth of the facts therein stated, and denies the legal conclusion drawn therefrom; and respondent expressly denies that the sheriff is entitled to a fee of two dollars for executing the writ of arrest in said cause, issued by the justice of the peace."

Upon the hearing of the cause, the prayer of the petition was granted, and a peremptory writ of *mandamus* ordered issued to the respondent, requiring him to request the Auditor in writing to draw his warrant on the State Treasurer in favor of the relator for the payment of the bill of costs, as prayed for in the petition. From this judgment the respondent appeals, and assigns the rendition thereof as error.

CHAS. G. BROWN, Attorney-General, for the appellant.

[Trapp, President, &c. v. State ex rel. Burgin, Sheriff.]

WILLIAM L. MARTIN, *contra.*—Section 3741 of the Code of 1896, which authorizes the sheriff to execute mesne and final precesses which are required of the constable, was intended to confer upon the sheriff the authority which he, theretofore, did not possess.—*Mickle v. Montgomery*, 111 Ala. 415. Therefore, said section gives no aid to the sheriff in the execution of a warrant of arrest, which power he had at the time of the enactment of that section.

The act of February 18, 1897, noted at section 4511 of the Code of 1896, provides in plain language for the payment of the sheriff's fee of two dollars for executing a writ of arrest. To charge any other fee than two dollars for the service would be to add terms to the statute; to deny that the sheriff was entitled to any fee whatever. Nothing is better settled than that statutes giving fees are to be strictly construed. The act of 1897 provides that presently after conviction the clerk shall make out and swear to a bill of costs "containing no items not enumerated in section 1," &c. The law contemplates but one arrest in a criminal case. If the defendant is in custody or on bail, no writ issues after indictment. The service of the sheriff is the same whether he acts before or after indictment; his dangers and hardships as great, and his compensation is undoubtedly the same.

The other contention on the part of the convict department can hardly be regarded seriously in the face of the statute, most recent, providing that costs in such case shall be paid "presently after such conviction," &c. The insolvency of the defendant is nowhere made a condition precedent to such payment. Section 4559 of the Code of 1896, applies only to those cases mentioned in the chapter of which it is a part, and in which costs are paid only upon the insolvency of the defendant.

SHARPE, J.—The act of February 26, 1875, which is embodied in section 3741 of the Code of 1896 provides that "The sheriff is authorized to execute all mesne and final process which is required of constables, and shall receive the same fees and compensation therefor." Its purpose was to extend the authority and duties of the sheriff in matters in which he had thereto-

fore been without authority or duty. That section 3741 had no reference to the execution of warrants of arrest appears from the consideration that at the time of its enactment and for a long time prior thereto the sheriff had full authority to execute such warrants, and the statutes giving such authority have been carried into each of the Codes thereafter adopted.—Code of 1896 § 5209. By section 4576 of the Code the constable's fee for executing a warrant of arrest is fifty cents, and by section 4565 the sheriff's fee for like service is two dollars. But the seeming conflict between these provisions for fees disappears with the exclusion of warrants of arrest from the operation of section 3741. The case here under consideration falls within the class mentioned in the act of February 18, 1897, (note to section 4511 of the Code), and may, therefore, be determined independently of other statutes relating to such fees.

Section 1 of this last act provides that "Whenever defendant is convicted and sentenced to the penitentiary the following items of costs in the case shall be paid out of the convict fund to the extent and in the manner hereinafter prescribed," and following an enumeration of other items is "Sheriff's fees executing each warrant or writ of arrest two dollars."

Section 3 of that act is as follows: "That, presently, after such conviction, the clerk of the court in which the conviction is had, shall make out a bill of the costs in the case, containing no items not enumerated in section 1 of this act; he shall make oath to the correctness of each item of said bill, and that the same is a legal charge against the defendant. He shall forward the bill of costs to the president of the board of inspectors of convicts, or the officer discharging his duties, who shall carefully examine the same, and, if found correct, he shall request the Auditor in writing to draw his warrant upon the Treasurer for the payment of said bill to said clerk out of the convict fund. Provided, that no costs shall be paid, until the convict has been delivered to the penitentiary officials, and, where a convict·is sentenced in more than one case, the costs in the succeeding cases shall not be paid, until he has served the preceding sentences."

[Fleming v. Moore.]

This statute was enacted after the adoption of the Code, and is an alteration of the law as it had existed in section 4570 of the Code, in so far as that section required execution against a penitentiary convict and a return thereon of no property as a condition precedent to the payment of costs by the State. The latter statute applies "whenever a defendant is convicted and sentenced to the penitentiary;" whether he is solvent or insolvent; and in view of the peremptory direction therein given that the proceedings for such collection of costs shall be had "presently after conviction" there is no time allowed for the exhaustion of an execution, which under section 4559 of the Code could not have been returned within thirty days after it had gone into the hands of the sheriff.

It is the plain duty of the respondent as president of the board of inspectors, enjoined upon him by the statute to request the Auditor in writing to draw his warrant on the Treasurer as prayed in the petition; and the judgment of the city court awarding the *mandamus* will be here affirmed.

Affirmed.