# Hawkins *ex rel.* F. P. O'Brien v. The State.

*Mandamus to Compel Payment of Fees Out of Fine and Forfeiture Fund.*

1. *Fees when not payable out of fine and forfeiture fund.*—Where a person is arrested by the sheriff by virtue of a warrant issued by a justice of the peace, charging a felony, and on preliminary examination is discharged by the magistrate, the fees of the sheriff are not a proper charge against the fine and forfeiture fund. Statutes giving costs or fees must be strictly construed and not extended beyond their letter. Nor does the special act in this behalf for Jefferson county (Act 1882-3, p. 543), do more than prescribe the *quo modo* for the presentation of claims, it gives no designation of the claims entitled to presentation.

2. *Duty of sheriff to act without compensation.*—The sheriff when he accepts office takes it *cum onere* and must perform its duties whether there is compensation attached to their discharge or not.

APPEAL from Jefferson Circuit Court.
Tried before Hon. A. A. COLEMAN.
The facts sufficiently appear in the opinion.

C. W. HICKMAN, for appellant, cited, Code, § 4558; *Dent's Case,* 42 Ala. 514; *Lee v. Smiley,* 16 Ala. 773; *Green County v. Hale,* 61 Ala. 72; *Bilbro v. Drakeford,* 78 Ala. 318.

WARD & HOUGHTON, *contra*, cited, *Trapp v. State*, 25 So. Rep. 194; *Jackson County v. Derrick*, 117 Ala. 348; *State ex rel. Mobile Co. v. Stone*, 69 Ala. 206.

HARALSON, J.—In this case the sheriff executed a warrant of arrest issued by a justice of the peace of Jefferson county, charging the defendant with burglary and grand larceny. He carried the defendant when arrested, before the justice for preliminary hearing, and on such hearing, the justice discharged him. The sheriff subpœnaed three witnesses for the trial, and his fees were, as taxed by the justice,—for the arrest $2, and 50 cents each for subpœnaing the three witnesses, making $4.50 and one dollar for committing to jail, aggregating $5.50. These fees he sought to have paid by the treasurer, first having entered them on the sheriff's fee book and by itemizing and swearing to them, and thereafter presenting them to the treasurer of the county and making a demand of him to register and file the same as a claim against the fine and forfeiture fund of the county, which the treasurer refused to do. On application to the judge of the 9th judicial circuit therefor, that officer issued a peremptory *mandamus* commanding the treasurer to register and pay said claim out of the fine and forfeiture fund of the county, to reverse which order, the treasurer appeals.

In the first place, let it be borne in mind, that the fine and forfeiture fund of the counties is subject alone to the control of the legislature, which has exclusive authority to prescribe what claims shall be paid out of it, and the conditions and preferences of payment.—*Sessions v. Boykin*, 78 Ala. 328. Again, when any public officer demands a fee for services rendered by him, he must point to some clear and definite provision of the statute, which authorizes him to make the charge and demand. Statutes giving costs or fees, must be strictly construed and not extended beyond their letter.—Code, § 4558; *Troup v. Morgan County*, 109 Ala. 162.

The only question presented, therefore is, have we a statute which authorizes the fees claimed to be paid out of the fine and forfeiture fund of Jefferson county? A special act as to Jefferson and Monroe counties (Acts

1882-3, p. 543) provides, that all fines imposed and forfeitures declared in criminal cases, in the courts of said counties, shall be payable either in money, or claims against the fine and forfeiture fund of said counties, after they have been proved and registered; and requires the treasurer of said counties, respectively, to keep a book in which they shall register all claims presented against said fund, showing date and amount of claim and when registered, which claims when properly registered, are required to be paid in the order of their registration.

This statute prescribes the *quo modo* for the presentation of claims, their registration, filing and payment; but gives no designation of the claims that are entitled to presentation, registration and payment. What claims may be paid out of such fund, must be found, therefore, in the general statutes on the subject, found embodied in the Code. The only sections bearing on the question, are § 4565, which specifies the fees of sheriffs, under and in accordance with which the fees in this case were charged; section 4570, prescribing how these fees are to be taxed and paid,—directing that the fees for services rendered in each criminal case must be taxed against the defendant on conviction, or may be taxed against the prosecutor or foreman of the grand jury under section 5041 (which relates to taxing the prosecutor or foreman in frivolous misdemeanor prosecutions), and if the costs are not taxed against either of them, it must be paid by the State, except when they are payable by the county; and still another section, 4715, providing that, "Whenever there shall be a surplus of the fund arising from fines and forfeitures in the county treasury of the county, over and above the sum required to pay the registered claims of State witnesses, the county treasurer of such county must pay the fees of the officers of court, arising from criminal cases in which the defendant is not convicted, and the costs are not imposed on the prosecutor (in frivolous misdemeanor cases, under section 4575), or in which defendants have been convicted, and have been proved insolvent by the return of executions "no property found," or in cases in which the State enters a *nolle prosequi,* or when the indictment has been withdrawn and filed, or the prosecution abated by

the death of the defendant." These sections are to be construed *in pari materia*. Of fees allowable under the latter section, it was said in *Bilbro v. Drakeford*, 78 Ala. 321, "The cases in which the fees of the officers of court are made claims against the fine and forfeiture fund, are criminal cases in which the defendants have been convicted and have been proved insolvent by the return of executions 'no property found;' or in which the State enters a *nolle prosequi,* or where the indictment has been withdrawn and filed, or the prosecution abated by the death of defendant. No provision is made for the payment of fees arising from criminal cases, in which the defendants are not convicted."—*McPherson v. Boykin*, 76 Ala. 602.

In the case before us, the defendant was not, and could not have been convicted. The justice had no authority to try him finally; but could only discharge or bind him over to answer an indictment. In all such cases, the costs arising on the preliminary trial before the justice, in case the defendant is bound over, follow the case into the court in which he is bound to appear, and is taxed at the end of the prosecution and collected as the statutes require. But, the statute nowhere authorizes costs growing out of prosecutions before a justice of the peace, when a defendant has been discharged, to be taxed against the fine and forfeiture fund.

The fact that the sheriff, under sections 3741 and 5209 is required to execute warrants of arrest and all mesne and final process, for which he is entitled to the same fees and compensation as where they are executed by a constable, does not affect the case. Those sections do not make such fees chargeable on the fine and forfeiture fund. The latter section has been in the Code since 1852, and the former was enacted in 1875, and under neither has the sheriff ever been deemed entitled to fees against that fund. The fact that he may never, otherwise, receive compensation for such services is of no significance, since he accepted the office *cum onere*, and must perform its duties whether there is compensation attached to their discharge or not. It follows, the writ of *mandamus* was improperly issued, and the judgment of the trial court must be reversed, and one here rendered

denying said writ, and dismissing the same out of this court and the court below, at the costs of the petitioner. Reversed and rendered.