149 So. 877

## CULVER et al. v. SPARKMAN.

### 8 Div. 776.

Court of Appeals of Alabama.

Oct. 3, 1933.

J. N. Powell, of Hartselle, and Lynne &
Lynne, of Decatur, for appellants.

O. Kyle, of Decatur, for appellee.

SAMFORD, Judge.

The plaintiff brought this action against J. R. Culver and the sureties on his official bond to recover certain fees claimed to be due him as constable of beat 10 in Morgan county by J. R. Culver, judge of the inferior court of Hartselle, which the said Culver as such judge collected and failed and refused to pay to plaintiff. It was admitted in open court that defendants Stewart and Puckett were sureties on the official bond of Culver, and that the bond was regular and with obligations as required by law.

Count 2 of the complaint, upon which the cause was tried, states a complete cause of action against each defendant, and is not subject to any ground of demurrer interposed.

Under section 4 of Local Acts 1907, pp. 819, 820, the plaintiff was entitled to legal fees, for the execution and returns of all processes issued out of the inferior court of Hartselle and executed by him.

Under sections 7 and 8 of the local act, supra (page 821), and section 3850, Code 1923, it was the duty of the judge of said court to collect fees due plaintiff as costs and from fines collected to pay plaintiff his pro rata part of costs in cases where the state had failed to convict.

There is no merit in the contention that the judge of the inferior court of Hartselle did not act in his official capacity in the collection of fines and forfeitures coming into his hands as judge of said court. Money coming into the hands of the judge in payment of fines and costs are to be received by, and accounted for by, the judge in his official capacity. No other fair construction can be made of the act creating the inferior court of Hartselle and section 3850, Code 1923.

It is insisted by counsel for appellant that this plaintiff cannot recover, because the judge of the inferior court of Hartselle had collected fines in cases where convictions had been had and applied the money thus collected to the payment of insolvent costs in cases where the court had only preliminary jurisdiction. We are cited the opinion of the Attorney General, under date of April 20, 1920, as being authority on this point. It is, how-

ever, unnecessary for this court to pass upon the soundness of that opinion in this case. The bill of exceptions does not purport to set out all of the evidence in the case; in fact, it affirmatively appears that there was other evidence which does not appear. We therefore presume that there was evidence to sustain the verdict of the jury and to sustain the ruling of the court in its refusal of the charges.

There is no merit in the contention that this suit was prematurely brought. Under section 4 of the local act, supra, the plaintiff as constable was under duty to execute and make due return of all processes issued out of said court. For this service he was entitled to his legal fees, to be collected in the same manner as provided by law for like services in justice courts. Under Code 1923, § 3850(2), it was the duty of the judge to collect the fees imposed and apply same to the payment of his costs and the costs of the constable, not to exceed $50 for any calendar month, the remainder to be paid to the county. Until the fees of the judge and constable had been paid to the amount named in the statute, the county had no interest in said fines so collected. Under Code 1923, § 3850, the judge may deduct from fines and forfeitures collected by him the amount due for his fees and those of his constable in cases in which the defendant was acquitted. When this is done, the amount of the constable's fees are immediately due him. The evidence sustains the finding by the jury that these fines were collected in the amount of the verdict rendered, that the amounts were appropriated to the payment of costs due plaintiff in cases in which the inferior court had jurisdiction, and that the amounts had not been paid.

There are many technical questions raised, but, when this entire record is read and understood, it presents a simple case in which Culver, as judge of the inferior court of Hartselle, had collected certain moneys which ex equo et bono belonged to this plaintiff, that the collections were made in his official capacity, and that he has never paid the money due by him to plaintiff as found by the verdict of the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.