19 So.2d 546

## STATE v. SMITH.

### 7 Div. 806.

Court of Appeals of Alabama.

Oct. 31, 1944.

J. J. Cockrell, of Talladega, for appellant.

C. W. Stringer, of Talladega, and L. H. Ellis, of Columbiana, for appellee.

RICE, Judge.

There was passed and approved on February 3rd, 1899, an act of the Legislature of Alabama "To regulate the fees of Justices of the Peace and Notaries Public ex-Officio Justices of the Peace in Talladega County, and provide for the payment of the same in certain cases." Local Acts of Alabama 1898–1899, p. 563.

Then there was passed and approved on September 3rd, 1915, an act of the Legislature of Alabama "To establish an inferior court in precinct 11, Talladega county, Alabama, in lieu of all justices of the peace in said precinct, and to define the jurisdiction and powers of said court and the judge

534

thereof, to provide for the execution of processes of said court and the operation thereof, to provide for the appointment, election, term of office, qualifications and compensation of the judge thereof, and to abolish the offices of all justices of the peace in said precinct." Local Acts Alabama 1915, p. 297.

By Section 4 of the local act of the Legislature of 1915 last mentioned it was provided "that the judge of said court shall receive as compensation for his services the same fees now allowed justices of the peace or may hereafter be allowed justices of the peace for services in justice court, which fees shall be taxed and collected as now or may hereafter be provided by law." And by Section 6 of said act it was provided "that all laws affecting or regulating the practice of courts of the justices of the peace in *Talladega county* shall be applicable to the court hereby established." (Italics supplied by us.)

This is a suit by the State, for itself and for the use of Talladega County—resulting below in a judgment in favor of the defendant—for a claimed excess of fees collected by the judge of the Inferior Court of "precinct 11, Talladega County, Alabama", for the approximate year beginning June 25th, 1942, and ending July 1st, 1943.

It is not controverted that defendant, appellee, collected fees, during the time mentioned, in exact accordance with the provisions of the Local Act of the Legislature approved February 3rd, 1899, supra; but the appellant is claiming that the excess for which it is suing arose by virtue of the scale of fees adopted by appellee being higher than that provided by the general law.

It is unquestioned that the act approved February 3rd, 1899, Local Acts 1898–99, p. 563, supra, was valid legislation at the time it was enacted. But appellant contends that the same was repealed by the adoption of the Code of 1907, or of that of 1923, or of that of 1940.

But Section 10 of the Code of 1907 expressly provides that "Local, private, or special statutes * * * are not repealed by this Code." See Brandon, Auditor, v. Askew, Solicitor, 172 Ala. 160, 54 So. 605. To the same effect is Section 11 of the Code of 1923, and Title 1, Section 9 of the Code of 1940.

▮ It being admitted that defendant has pursued the method directed in Local Acts 1898–1899, p. 563, supra, in the matter of costs, and it being plain that by the act creating the court of which he is judge he was directed so to do (Section 6 of Local Acts.1915, p. 297), it is at once apparent that he is due the State and County nothing.

▮ But if what we have said above should not be correct, it is yet plain that the appellant could not recover in this suit by virtue of Title 41, Section 58, of the Code of 1940—it being admitted that defendant acted under the provisions of a law of Alabama never "declared by the supreme court of Alabama to be unconstitutional or void or illegal."

▮ For the sake of completeness we may add that upon the date that the Court presided over by appellee was created (September 3rd 1915) he was entitled "to apply fines collected in his court to the payment of his insolvent fees and costs" to any extent necessary to cover same. Corbin v. State, 15 Ala.App. 602, 74 So. 729, 730.

And we do not think this right has been changed by the adoption of the Code of 1923 containing Section 3850, subsection 2, Code 1940, Tit. 13, § 418. Hutto et al. v. Walker County, 185 Ala. 505, 64 So. 313, Ann.Cas.1916B, 372.

It results, the judgment appealed from should be affirmed. And it is so ordered.

Affirmed.