20 So.2d 523

## WHITE v. LYON.
### 7 Div. 791.

Supreme Court of Alabama.

Jan. 11, 1945.

280

J. Sanford Mullins, of Alexander City, and Handy Ellis, of Columbiana, for appellant.

Paul O. Luck, of Columbiana, for appellee.

SIMPSON, Justice.

The question is, what statutes regulate the payment of fees accruing to the sheriff for services in a preliminary trial before a committing magistrate on a felony charge, the defendant having been bound over to the grand jury and thereafter indicted, tried, convicted and sentenced under said indictment for said offense, and imprisoned in the penitentiary.

The State Convict Department in remitting for costs accruing in such magistrate court limited payment thereof to $5, presumably on the theory that § 69, Title 45, Code of 1940, which prescribed that "cost of committing magistrate and constables on preliminary trial, both together not to exceed five dollars," authorized such action. Thereupon the appellant (sheriff who served the court in said preliminary proceeding) presented a claim to the county treasurer for registration and payment out of the fine and forfeiture fund of the county for the balance due of his said fees. This appeal proceeded from the ruling of the trial court sustaining the contention of the county that the claim was not registerable, but that it was due to be paid by the State.

"The costs arising on preliminary trial before the justice, in case the defendant is bound over, follow the case into the court in which he is bound to appear, and are taxed at the end of the prosecution and collected as the statutes require." Hawkins v. State ex rel. O'Brien, 124 Ala. 102, 27 So. 215, 216. Thus are the costs on the preliminary trial taxed in like manner as the costs accruing in the circuit court.

The fees prescribed by statute for the sheriff are not affected by those regulating constables. Fees stipulated by statute for sheriffs are entitled to be so paid and neither the prescription of § 18, Title

.54, Code of 1940, nor the limitation imposed upon constables by § 84, Title 11, Code of 1940, is applicable to sheriffs when performing services required of constables, but on the contrary, in such cases the fees of the sheriff are those which the statute itemizes for the services of such officer. Trapp v. State ex rel. Burgin, 122 Ala. 394, 25 So. 194; Qu.Rep.Atty.Gen'l, Vol. 35, p. 55.

This same principle likewise controls the construction of § 69, Title 45, of said Code, wherein the costs of committing magistrates and constables on preliminary trial are limited to a total of $5. Fees of sheriffs in such cases are not so limited. The sheriff's fees on preliminary trial are those stipulated by law for such officer and are entitled to be paid out of the state convict fund to the extent enumerated in said § 69 "whenever a defendant is convicted, and sentenced to the penitentiary" (§ 69, Title 45), provided the convict has been delivered to the penal authorities. Trapp v. State ex rel. Burgin, supra, 122 Ala. 394 at page 399, 25 So. 194.

The only limitation upon the right to receive payment of such enumerated fees from the convict fund is when the total costs exceed $250. Code 1940, Title 45, § 70. In such latter event the statutory fees of the sheriff as to the balance remaining unpaid are entitled to payment out of the fine and forfeiture fund of the county, as prescribed by Title 11, § 83(d), Code of 1940, and Title 15, § 393, Code of 1940.

The judgment giving rise to this appeal was in conformity with these views and is accordingly affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.