26 So.2d 577

**STATE, for Use and Benefit of Morgan County, v. NORWOOD et al.**

8 Div. 316.

Supreme Court of Alabama.
April 11, 1946.

Rehearing Denied June 27, 1946.

130

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for appellant.

Norman W. Harris, of Decatur, for appellees.

PER CURIAM.

The appeal is by the state in equity for sustaining a demurrer to the amended bill.

It is established in this jurisdiction that the Division of Examiners of Public Accounts of the State Department of Finance is authorized to examine and audit the records and accounts of state and county offices as indicated and that a justice of the peace is a public officer. Code 1940, Tit. 55, § 156 et seq.; State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892; State v. Albright, 155 Ala. 141, 46 So. 470; Thornhill v. Cowart, 205 Ala. 455, 88 So. 563; Montgomery v. State, etc., 107 Ala. 372, 17 So. 157. The suit was based upon such report.

An important ground of demurrer is the insistence that a justice of the peace is entitled to deduct fees from the funds indicated for the sheriff as authorized for the constable of his court by the provisions of Code 1940, Tit. 13, § 418.

In a case like this a bill filed by authority of law may be maintained without alleging any special equitable grounds. Code 1940, Tit. 7, §§ 72, 73, 74 and 75.

In Bradford v. State, 201 Ala. 170, 77 So. 696, 697, the bill was filed in the name of the state by the attorney general against the sureties of the official bond of a county treasurer to recover school funds which had come to the treasurer's hand and lost by deposit in an insolvent bank. The right of the state to maintain a bill for recovery of such county funds was questioned by demurrer, the holding being that such a suit may be instituted in the name of the state, "whether the funds in question be considered state, or county funds." To like effect

was the decision in National Surety Company v. State, 219 Ala. 609, 123 So. 202, wherein it was held that complainant was not required to make allegation of any special grounds for equitable interference.

In the case at bar the attorney general is proceeding upon the direction of the governor under Code 1940, Tit. 7, § 73. In Montgomery, Supt. of Banks, v. Sparks, 225 Ala. 343, 142 So. 769, the holding was to the effect that though the statute authorized the governor to cause suits to be brought for the recovery of public funds, this did not conflict with the statute authorizing the attorney general to institute suits for the protection of the state. Code 1940, Tit. 55, § 169; Code 1923, §§ 854, 5644, 5647, Code 1940, Tit. 55, § 229; Tit. 7, § 72, 73. The court said that the attorney general could act independently in the one case but could act only upon direction of the governor in the other. That there was no conflict in the statutes involved. State ex rel. Sossaman v. Stone, County Treasurer, 235 Ala. 233, 178 So. 18; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803. The demurrer directed to this phase of the pleading was properly overruled.

Ground of demurrer to the effect that it did not sufficiently appear that Norwood received the moneys or any part thereof in his official capacity is not well taken. It is averred that the money sought to be recovered from Norwood, the Justice of the Peace, was for funds collected by him as justice of the peace and paid to the sheriff of the county for fees for execution of process in criminal cases where the defendant was acquitted in that justice's court or was insolvent and unable to pay the same after conviction in such court. In Culver v. Sparkman, 25 Ala.App. 544, 149 So. 877, 880, the litigation was by a constable against the judge of the inferior court for fees which he had earned as constable for serving process issuing from such court, and it was declared: "There is no merit in the contention that the judge * * * did not act in his official capacity in the collection of fines and forfeitures coming into his hands as judge of said court. Money coming into the hands of the judge in payment of fines and costs are received by, and

accounted for by, the judge in his official capacity. * * *" Grounds of demurrer directed to such phase of the instant bill are without merit.

Defendant's twelfth ground of demurrer will be set out in the statement of facts. That insistence is that the justice of the peace was entitled to deduct fees for the sheriff as he was for the constable under the authority of Title 13, § 418, Code 1940. The provision of statute urged by appellee to have application comes to us unchanged from the Act of February 26, 1875, Acts 1874–75, p. 181; Code 1876, § 731. Pertinent part of that statute is: "* * * To collect all fines imposed where the defendant is not sentenced to jail or hard labor to pay same; or an appeal is taken. He may deduct from fines and forfeitures collected by him, the amount due for his fees *and those of the constable in cases in which the defendant was acquitted, or insolvent and unable to pay after conviction,* a sum not to exceed fifty dollars for any calendar month; he shall pay the remainder of the fines and forfeitures collected by him to the treasurer or to the custodian of the county funds where there is no county treasurer, same to be paid semi-annually on the first Mondays in January and July of each year, and make his report at the next session of the grand jury; if he should fail to make such payments as herein provided, he shall forfeit all right to make any deduction from his collections for cost due him *and the constable* for fees as herein provided. * * *" [Italics supplied.]

Title 11, § 79, Code 1940, is to the effect that the law of costs must be deemed and held penal, and no fee must be taken except in cases expressly provided by the law. There are many decisions to such effect. Troup v. Morgan County, 109 Ala. 162, 19 So. 503; Greene County v. Hale County, 61 Ala. 72; Cabler v. Mobile County, 230 Ala. 118, 159 So. 692; Lee v. Smyley, 16 Ala. 773.

The appellee insists that Title 54, Code 1940, § 18, must be read in connection with Tit. 13, Code 1940, § 418, for a reasonable construction of these two statutes. The object of the specific provisions of the statutes and that touching the question be-

fore us is contained in Title 13, § 418, Code 1940, and is to compensate the justice of the peace and officer serving process in his court for matters in which the justice has final jurisdiction, whether that officer be the constable or the sheriff; that the law is not concerned with what official serves the process, and only that he receives the payment out of the available fund; and that the allowance of $50 per month is made, and so long as the service for which the allowance is made has been rendered, payment is required, and may be made by the justice out of the specific funds indicated and in his hands.

In Sanders v. Young, 220 Ala. 94, 124 So. 225, and in Culver v. Sparkman, 25 Ala. App. 544, 149 So. 877, and in State v. Smith, 31 Ala.App. 533, 19 So.2d 546, the statute was applied to compensation of the constable serving process from an inferior court, whether that inferior court be a justice of the peace or an inferior court established in lieu thereof. Section 3850 of the Code 1923, of which this court was speaking in Sanders v. Young, supra, is identical with the present section 418, Tit. 13, Code 1940. It is said in the Sanders case as to the specific fees of the *constable or sheriff* that they were not required to be paid into the treasury or the custodian of the county funds, being the property of such individual, should be given over to him by the officer of that court if they come into his hands. It is true that in this Sanders case the specific Local Act of 1911, p. 220, provided that the sheriff and coroner are made officers of said court, and that it was made the duty of such official to execute and make return of process. This was no more than is required of the sheriff under the long prevailing act in this jurisdiction. Code 1940, Tit. 54, § 18.

The last headnote in the opinion of the attorney general of October 11, 1939 [Opinions, October, November and December, 1939, p. 78-84] is as follows: "Sheriffs—Constables—Word 'constable', as used in Section 3850, Subsection 2, Code of 1923 [Code 1940, Tit. 13, § 418] held not to include sheriff." The attorney general said: "In my opinion your seventh inquiry must be answered in the negative. It is true

that Section 10199 of the Code [Code 1940, Tit. 54, § 18] authorizes sheriffs to execute all mesne and final process which is required to be served by constables. But this provision is not authority for the payment of the fees of the sheriff out of the Justice of the Peace Insolvent Cost Fund provided by Section 3850(2) of the Code of 1923. Said section specifically limits the payment of insolvent costs from said fund to the Justice of the Peace and to the Constable. There is no authority of law for the payment of the fees of the sheriff accruing on account of services in connection with Justice of the Peace Courts from said Justice of the Peace Insolvent Cost Fund."

The attorney general did not have before him the decision in Sanders v. Young, 220 Ala. 94, 124 So. 225, rendered in 1929. In that case the fees of the constable only were for consideration under a local act of 1911 [acts 1911, p. 220], containing the following: "The constable of precinct one, the sheriff and coroner of Madison county, shall be the officers of said court and they are authorized and it is hereby made their duty to execute and make due return thereof of all processes issued out of said court, and they shall be entitled to receive the same fees and compensation as now or as hereafter may be allowed for like services."

It is noted in the opinion of the attorney general that Section 18, Tit. 54, Code 1940, was considered in connection with Code § 418, Tit. 13, Code 1940. The general law has long prevailed, coming to the last code unchanged. We do not entertain the view that the decision in Sanders v. Young, 220 Ala..94, 124 So. 225, is decisive of this case.

The rule touching costs in cases of felony has been recently well stated in White v. Lyon, 246 Ala. 279, 20 So.2d 523 (citing Trapp v. State ex rel. Burgin, 122 Ala. 394, 25 So. 194), wherein it is indicated that sheriff's fees on preliminary trials are those stipulated by law for such officer, and are entitled to be paid out of the state convict fund to the extent enumerated in § 69, Tit. 45, Code 1940.

Prior to the passage of the Act of Feb. 26, 1875, Acts 1874–75, p. 181, now embodied in Code 1940, Tit. 54, § 18, sheriffs

were without authority to serve anything but initial criminal process, issued by a justice of the peace, such as warrants of arrest. They were authorized to serve warrants of arrest by § 5209, Code 1896. The purpose of the Act of 1875 was to confer authority on sheriffs to serve process issued by justices of the peace, which they did not then have, and provided that for such services they should "receive the same fees and compensation therefor as constables except in cases of forcible entry and detainer and unlawful detainer"; and made the sheriff and the sureties on his official bond liable for any abuse of the process that he might execute under that act, now said § 18.

■ The legislative intent is clear that the statute was intended to confer authority for the services, to provide compensation in the form of fees such as constables were authorized to receive, and to be received from the same sources provided or set up for compensating constables for their services, when the constable served the process issued by a justice of the peace in any case civil or criminal in which the justice has final jurisdiction, including the execution of warrants of arrest, and service of subpoenas. That it was not intended for the sheriff to be compensated in the same case in his capacity as sheriff for some of the service and as constable for other features of it. In such a suit the sheriff in serving all process is acting as a constable under authority of § 18. We should not construe § 18 so as to cause the sheriff to act in a dual capacity in the suit and in the same court, and be paid in a different way for the services. The Trapp case was dealing with preliminary trials, essentially relating to the circuit court, and if it is so understood as to prevent this interpretation of § 18, to that extent it should not be followed, for it was not considering a situation such as is now in hand. Otherwise stated, the sheriff in performing the service is pro hac vice the constable.

■ Construing the averments of the bill most strongly against the pleader, the services satisfied by appellee Norwood, out of the fund set up by § 418, Title 13, Code

1940, were fees which the sheriff earned in the service of process as authorized by § 18, Title 54, Code 1940. The demurrer specifically takes the point and was, therefore, properly sustained.

Affirmed.

GARDNER, C. J., and BROWN, FOSTER and STAKELY, JJ., concur.

LIVINGSTON, LAWSON and SIMPSON, JJ., dissent.

The foregoing opinion was prepared by Mr. Justice Thomas, now deceased, and upon consideration of the cause is adopted as the opinion of the court. Accordingly the decree of the lower court is affirmed.

LAWSON, Justice (dissenting).

The writer is of the opinion that the demurrer of appellee should have been overruled in that the statutes concerned do not authorize a justice of the peace to deduct from fines and forfeitures collected by him and pay over to a sheriff the amount due the latter for fees in cases in which the defendant was acquitted or insolvent and unable to pay after conviction. § 418, Title 13, Code 1940, contains no such authorization nor does § 18, Title 54, Code 1940.

In my opinion, § 79, Title 11, Code 1940, and the construction placed thereon by this court in a long line of cases, is decisive of the question here presented. § 79, Title 11, supra, is as follows: "§ 79. *No fee charged unless expressly authorized.*—The law of costs must be deemed and held a penal law, and no fee must be taken but in cases expressly provided by law. The fees prescribed in this Code shall be the only fees that can be collected by any officer." It was interpreted in the early case of Lee, Sills et al. v. Smyley, 16 Ala. 773, as evidencing the legislative intention that the courts must strictly construe, the several statutes relating to costs and fees. The opinion in the case of Brown et al. v. State, 46 Ala. 148, cites the above-quoted statute after holding that a statute authorizing certain fees is not to be expounded by construction but that: "It must be strictly construed; that is, confined to its *narrowest limits.*" (Emphasis supplied.) In the case

of Tillman v. Wood, 58 Ala. 578, Mr. Chief Justice Brickell, in writing for the court, stated the rule as follows: "The rule of statutory construction is well settled that statutes giving costs are not to be *extended beyond their letter,* but strictly construed, for the reason that costs are in the nature of a penalty." (Emphasis supplied.) In Hawkins v. State ex rel. O'Brien, 124 Ala. 102, 27 So. 215, 216, the rule is stated to be: "When any public officer demands a fee for services rendered by him, he must point to some clear and definite provision of the statute, which authorizes him to make the charge and demand. Statutes giving costs or fees, must be strictly construed and not extended beyond their letter." Mr. Justice Bouldin, in the case of Cabler v. Mobile County, 230 Ala. 118, 159 So. 692, 694, said: "No proposition is better settled than that the law of fees and costs is penal, to be strictly construed; no fee to be *charged* nor *paid* except in the manner provided by law." (Emphasis supplied.) To like effect are the cases of Board of Revenue and Road Commissioners of Mobile County v. State ex rel. Drago, Sheriff, 172 Ala. 155, 54 So. 995, and Troup v. Morgan County, 109 Ala. 162, 19 So. 503.

The opinion of the majority, although it takes cognizance of § 79, Title 11, Code 1940, proceeds to construe together § 18, Title 54, Code 1940, and § 418, Title 13, Code 1940, and concludes that in so doing the legislative intention was to allow a sheriff to receive his fees in certain cases from the fund which may be designated as the justice of the peace fine and forfeiture fund. Such is not a strict construction of the statutes involved but on the contrary extends their express terms and writes into them something that the legislature did not include. The word "sheriff" is not found in § 418, Title 13, nor does § 18, Title 54, expressly authorize the sheriff to go against the justice of the peace fine and forfeiture fund. The effect of the opinion of the majority is to determine that the legislature intended to include such provisions and proceeds to remedy this legislative omission, notwithstanding the long established rule that statutes relating to costs and fees must be strictly construed.

The fact that the sheriff in performing duties as authorized by § 18, Title 54, supra, may not receive any compensation for services rendered by him in justice of the peace courts where the defendants are acquitted or if convicted, executions are returned "no property found," does not affect the case. The fact that the sheriff may never receive compensation for such services is of no significance, since he accepted the office cum onere and must perform its duties whether there is compensation attached to their discharge or not. Hawkins v. State ex rel. O'Brien, supra.

This court has heretofore been very careful not to extend by construction the payments out of the county fine and forfeiture fund. § 393, Title 15, Code 1940. In the case of McPherson v. Boykin, 76 Ala. 602, the appellant, a justice of the peace, filed his petition in the circuit court of Bullock County seeking a mandamus against Boykin, as county treasurer, to command and require him to pay certain claims out of the county fine and forfeiture fund. The circuit court sustained a demurrer to the petition for mandamus and this court affirmed. McPherson contended that he was entitled to be paid out of the fine and forfeiture fund, which was then regulated by Section 4461, Code 1876 (now § 393, Title 15, Code 1940), by virtue of the provisions of Section 5038, Code 1876 (now § 97, Title 11, Code 1940), which section was as follows: "§ 5038. Same; how taxed and collected.— In prosecutions before a justice of the peace, where the case is not taken to the circuit or city court by appeal or otherwise, the fees above specified, for such services as may be rendered in the case, must be taxed by him as costs, and collected by execution, as in cases tried in the county court; and in all other cases must be certified by him to the court to which the proceedings are removed, or to which the process is returnable, and there taxed and collected like other costs."

In writing to the question, this court applied the rule of strict construction and held that McPherson, a justice of the peace, was not entitled to be paid from the county fine and forfeiture fund in cases which had been appealed from his court to the circuit

court, even though the above-quoted section specifically provided that in such cases the cost must be certified by the justice of the peace to the court to which the proceedings are removed or to which the process was returnable *and there taxed and collected like other costs,* for the reason that Section 4461, Code 1876, makes the fees only of officers of court payable, in certain cases, out of the fund arising from fines and forfeitures and that a justice of the peace was not an officer of the circuit court within the meaning of the statute, notwithstanding a prosecution originally instituted before him may be removed to the circuit court. It was held that the provisions of Section 5038, Code 1876, "must be there taxed and collected like other costs," referred to the general statutory mode of taxing and collecting costs in criminal cases in the circuit court or city court; that is, to be taxed as costs against the defendant on conviction (or against the prosecutor, or the foreman of the grand jury, as provided by the statute), and collected by execution. The court in that case preferred to follow the rule of strict construction rather than to *construe together the two sections involved,* and by so doing conclude that the justice of the peace was pro hac vice an officer of the circuit court. McPherson was denied the right to receive payments from the county fine and forfeiture fund, from which fund costs are payable in certain cases, even though the statute provided that where cases were appealed from the justice court he should certify the costs incurred in his court to the court to which the proceedings were removed to be *there taxed and collected like other costs.* In the instant case, § 18, Title 54, supra, merely provides the schedule of fees to which a sheriff is entitled for the performance of the new duties imposed upon him by the section, by making them the same as those provided for constables (Trapp v. State ex rel. Burgin, 122 Ala. 394, 25 So. 194; White v. Lyon, 246 Ala. 279, 20 So.2d 523); but makes no reference to the source of payment as did Section 5038, Code of 1876. The decision of the majority in holding that the sheriff may go against the justice of the peace fine and forfeiture fund in the absence of any express legislative authorization to that effect is not in accord with our former cases treating analogous circumstances.

Mr. Chief Justice Brickell, in the case of Mickle et al. v. Montgomery, 111 Ala. 415, 20 So. 441, 442, in reviewing the history of what is now § 18, Title 54, supra, said: "Originally, all civil process issued by a justice of the peace, except in proceedings for the forcible entry and detainer, or the unlawful detainer of lands, could be served or executed only by a constable. The service or execution of such process, was not within the authority and duty of the sheriff. By an act approved February 26, 1875, which formed section 731 of the Code of 1876, and now forms section 811 of the present Code, it is declared: 'The sheriff is authorized to execute all mesne and final process which is required of constables, and shall receive the same fees and compensation therefor, and he and the sureties on his official bond shall be liable for any abuse of process that he may execute under this section.' The operation and effect of the statute are that, in the execution of all mesne and final process which constables had been required and authorized to execute, the duty and authority of the sheriff is co-extensive with that of the constable. Statutes authorizing the execution of such process may have nominated a constable only as charged with the duty. Such statutes are in pari materia with the succeeding statute, conferring on the sheriff the duty and authority co-extensive with that which they conferred on a constable, and must be read and construed in connection. The statute authorizing the levy on lands of an execution issued by a justice of the peace, was in existence long prior to the statute authorizing the sheriff to execute mesne or final process issued by a justice. Naturally, as a constable only then had authority to levy executions issued by a justice, it designated the constable as the officer to make the levy. But the subsequent statute intervened, and, when the two are read in connection, it is obvious that, while the duty and authority of the constable is not taken away, the duty and authority of the sheriff is concurrent and co-extensive."

It appears from the above quotation that the legislature at the time it enacted what is now § 18, Title 54, supra, was giving to the sheriff power and authority in connection with civil process issued by a justice of the peace, which he theretofore did not possess, and provided for compensating him for his services in connection therewith. Justices of the peace and constables can deduct from the justice of the peace fund only in certain instances for their services in connection with criminal cases. It appears strained, therefore, to say that § 18, Title 54, supra, when read in connection with § 418, Title 13, supra, clearly shows that the legislature by the passage of the former section intended for the sheriff to receive payment from the so-called justice of the peace fine and forfeiture fund.

That § 18, Title 54, does not control in all instances the amount of the fee to which a sheriff is entitled for services performed in a justice of the peace court has been decided twice by this court. In the recent case of White v. Lyon, 246 Ala. 279, 20 So.2d 523, 524, it was said: "The fees prescribed by statute for the sheriff are not affected by those regulating constables. Fees stipulated by statute for sheriffs are entitled to be so paid and neither the prescription of § 18, Title 54, Code of 1940, nor the limitation imposed upon constables by § 84, Title 11, Code of 1940, is applicable to sheriffs when performing services required of constables, but on the contrary, in such cases the fees of the sheriff are those which the statute itemizes for the services of such officer."

The decision in White v. Lyon, supra, was no doubt predicated on the opinion in the case of Trapp v. State ex rel. Burgin, 122 Ala. 394, 25 So. 194, in which case a decision was sought as to whether or not a sheriff who had executed a warrant of arrest was entitled to the fee provided for sheriffs in performing that duty or whether he could only get the smaller fee allowed constables in view of Section 3741, Code of 1896 (§ 18, Title 54, Code 1940). Mr. Justice Sharpe in writing the opinion for the court said: "Its purpose (Section 3741, Code of 1896) was to extend the authority and duties of the sheriff to matters in which he had theretofore been without authority or duty. That section 3741 had no reference to the execution of warrants of arrest, appears from the consideration that at the time of its enactment, and for a long time prior thereto, the sheriff had full authority to execute such warrants, and the statutes giving such authority have been carried into each of the Codes. thereafter adopted. Code [of 1896], § 5209. By section 4576 of the Code the constable's fee for executing a warrant of arrest is 50 cents, and by section 4565 the sheriff's fee for like service is $2. But the seeming conflict between these provisions for fees disappears with the exclusion of warrants of arrest from the operation of section 3741 (§ 18, Title 54, Code of 1940)."

If warrants of arrest are excluded from the provisions of § 18, Title 54, supra, there is no provision of law to which a sheriff may look for authority to go against the justice of the peace fine and forfeiture fund in cases where he has made arrests on warrants issued by a justice of the peace.

However, as I understand the majority opinion, it limits the decisions in the cases of White v. Lyon, supra, and Trapp v. State ex rel. Burgin, supra, to felony cases. I can find no justification for such a limitation. It is true that both of those cases dealt with instances where the justice of the peace acted as a committing magistrate, the accused having been arrested on a felony charge. But the reasoning which this court applied in those cases likewise applies to all services performed by a sheriff in the justice of the peace court which he was authorized to perform prior to the enactment of § 18, Title 54, supra. In the Trapp case, supra, the opinion discloses that Section 5209 of the Code of 1896 had been a part of our statutory law long before the enactment of what is now § 18, Title 54, Code 1940. Section 5209 of the Code of 1896 (now § 152, Title 15, Code 1940) is in the exact language as when it first appeared as Section 434 of the Penal Code of 1866. It is as follows: "An arrest may be made, under a warrant, or without a warrant, by any sheriff, or other officer acting as sheriff, or his deputy, or by any constable, acting

within their respective counties, or by any marshal, deputy marshal, or policeman of any incorporated city or town, within the limits of the county."

In my opinion, the sheriff had the same authority to execute a warrant out of the justice of the peace court prior to the enactment of what is now § 18, Title 54, Code 1940, in cases in which the justice of the peace had final jurisdiction, as he had in cases where the justice of the peace acted only as a committing magistrate. There is nothing in its language which would justify the conclusion that it only authorized the sheriff to make arrests on warrants executed by a justice of the peace in felony cases.

Certain it is that the opinions in the cases of White v. Lyon, supra, and Trapp v. State ex rel. Burgin, supra, do not contain any such express limitation; on the contrary, what is there written is general in its nature and relates to the general subject of the authority which sheriffs possessed prior to the enactment of § 18, Title 54.

If the rule of statutory construction is followed in this case, it is not necessary to go into the historical background of the statutes involved, but even if the rule of strict construction is not followed I am of the opinion that the historical background of the statutes involved discloses that the legislature never intended for § 18, Title 54, to authorize sheriffs to collect fees from the so-called justice of the peace fine and forfeiture fund. Mickle v. Montgomery, supra.

It is my opinion that for their services performed in connection with their duties in criminal matters in the justice of the peace courts sheriffs are entitled to the fees set out in the schedule for sheriffs and are not limited to the fees prescribed for constables. White v. Lyon, supra. I am also of the opinion that sheriffs cannot look to the justice of the peace fine and forfeiture fund for the payment of any such fees.

In view of the foregoing, I am compelled to dissent from the majority opinion.

LIVINGSTON and SIMPSON, JJ., concur.